## Toledano v. Gardiner.

An action by a factor against his principal, for a balance of account, one item of which is for the amount of a bill accepted by the former for the accommodation of the latter, and paid by the acceptor, is prescribed only by ten years. C. C. 3508. The action is not upon the bill, but upon the contract for reimbursement between the drawer and accomodation acceptor.

In an action by a factor on an account current between him and his principal, embracing their dealings in that relation, the latter will not be permitted to isolate the items, and apply to any particular item the prescription which might be applicable if it stood alone, and if the relation of factor and principal did not exist. The various items are component parts of one account, which is to be regarded as a whole, and the prescription to be applied to an action on such an account is that of ten years, established by art. 3508 of the Code.

An agent who advances money for the business of his principal is entitled, without any express agreement, to legal interest from the day on which the advance was made. C. C. 2994.

APPEAL from the District Court of St. Landry, *Overton*, J. *W. B. Lewis*, for the appellant. *Swayze*, for the defendant. The judgment of the court was pronounced by

SLIDELL, J. This suit is brought to recover the balance of a factor's account. The account is composed of items for plantation supplies furnished, cash advanced, an accommodation acceptance, and charges for commissions and interest, forming the debit side ; and of credits of the proceeds of cottons shipped to plaintiff by defendant. It is the usual account of planter and factor, and the dates of the items run from 21st October, 1836, to 20th April, 1838. This suit was brought in 1844. The defendant answered by a general denial. He also pleaded the prescription of one, two, three, five, and ten years. He averred that the plaintiff was indebted to him in the sum of $2,506 25, the value of fifty-seven bales of cotton consigned to *Toledano* at various periods to be sold for defendant's account; and asked a judgment for that sum against the plaintiff. At the trial of the cause the correctness of the account was proved by the plaintiff's clerk. A draft of the defendant was also offered in evidence for $2,525, the principal item of the account, in which it is charged as an accommodation acceptance. This draft purports to be drawn upon and accepted by the plaintiff.

The first ground of defence urged is, that the amount claimed exceeds $500,

TOLEDANO
v.
GARDINER.

and under article 2257 of the Civil Code cannot be established by a single witness. Even if it be true that the article in question covers the present case, still the claim does not rest upon the testimony of one witness only. A strong corroboration is found in the draft signed by the defendant, and in the allegations of his answer, which show that the relation of factor and principal existed between the parties. A comparison of the account with the answer, exhibits a conformity in the quantity of cotton shipped and in its value.

But it is said that the items of the account are barred by prescription. Thus the principal item, the payment of the accommodation acceptance, is said to be barred by the prescription of five years, applicable to negotiable instruments. But it is to be observed that the action of the plaintiff is not upon the bill of exchange. It arises out of the bill, but the bill itself was *functus officio* when paid by the acceptor. The bill is a voucher, and the claim is upon the contract for reimbursement between the drawer and accommodation acceptor. We have recently considered this subject in the case of the *Succession of Guillemin, ante* p. 634.

We do not think it necessary to consider separately the various items of the account, the nature of which has been already stated. In an account of this sort between factor and principal, embracing their dealings and transactions in that relation, the defendant is not to be permitted to isolate the items, and apply the rule of prescription which might be applicable to the particular charge, if it stood alone, and if the relation of factor and principal did not exist. The various items are component parts of one account, which is to be regarded as a whole, and the law of prescription is to be applied accordingly. Thus considered, the case falls under the prescription of ten years. Civil Code, 3508.

The plaintiff, in the absence of proper proof of an agreement for a higher rate of interest, is entitled to interest only at five per cent. His character as agent entitles him to legal interest without an express agreement. "If the attorney has advanced any sum of money for the affairs of the principal, the latter owes the interest of it from the day on which the advance is proved to have been made. Civil Code, art. 2994.

It is therefore decreed that the judgment of the District Court be reversed, and that the plaintiff, *Christoval Toledano*, recover of the defendant, *George W. Gardiner*, the sum of $1,061 61, with interest at the rate of five per centum per annum, from the 20th April, 1838, till paid, and costs in both courts.