**JOHNSON v. HALL et al.**

**No. 1900.**

Court of Appeal of Louisiana. First Circuit.

Nov. 17, 1938.

Rehearing Denied Dec. 19, 1938.

Johnson & Kantrow, of Baton Rouge, for appellants.

John B. Smullin, of Baton Rouge, for appellee.

OTT, Judge.

On January 10, 1929, plaintiff and the three defendants, Henry Hall, Willie Hall and Katie Hall Dunn, executed a note for $450 payable in monthly installments of $20 each, with eight per cent per annum interest from date, and secured the note by a mortgage on a piece of property in Baton Rouge owned by them in the proportion of an undivided one-fourth each.

Plaintiff claims that, as one of the solidary obligors on said note, she paid all of the principal and interest of the note, amounting to $505.96; that about nine months after the execution of the said mortgage note, the three defendants executed a mortgage in her favor on their undivided interest in the property for $250 to secure her for the amount that she had paid on the mortgage, but plaintiff is not suing on this latter note and mortgage, but she is suing to recover from each of the defendants their one-fourth share of the amount of the mortgage note executed by all four of them and which the plaintiff claims to have paid in full.

She is also seeking re-imbursement from the defendants of their one-fourth share each for taxes, insurance, street paving, and repairs on the house for which she claims to have paid the total sum of $607.-76 in accordance with an itemized statement of these payments which she sets forth in a supplemental petition. And in addition to these two items, she claims to have paid attorneys fees for examining the title to the property, drawing and recording the mortgage made to her by the other three co-owners as aforesaid, the sum of $25, making a grand total of $1,138.72 which she claims to have paid, and she is asking for a judgment against each of the three defendants for one-fourth the amount, their share, less $25 paid by each of the two defendants, Henry Hall and Willie Hall.

The defendants appeared through counsel and filed an exception of vagueness which was sustained by the court, whereupon the plaintiff filed a second supplemental petition making more specific certain allegations of her petition. No further appearance was made by the defendants, and a judgment was rendered against them by default in accordance with the prayer of the petition. Through other attorneys, the defendants obtained and perfected a devolutive appeal to this court. These attorneys have filed in this court pleas of three and five year prescription, and after the case was argued and submitted, they filed a plea of ten year prescription.

The five year prescription is pleaded on the theory that the suit by the plaintiff is based on the mortgage note which she claims to have paid for her co-obligors in solido, and as more than five years elapsed after the last payment was made and before the suit was filed, her claim is prescribed. Counsel advance a rather novel, yet interesting and somewhat plausible, argument on which to base their contention. They concede that where a person pays the debt of another where he is not legally bound with the other, or is only bound jointly, the person paying has a personal action against the other for re-imbursement, and this action is prescribed only by the ten year prescription provided for all personal actions under Article 3544 of the Civil Code.

But counsel argue in this case that as plaintiff was liable in solido with the other co-makers of the mortgage note, she was liable for the entire amount, and when she paid the note, she was paying an obligation for which she was liable, and the only recourse she has against her co-obligors is by subrogation to the rights of the creditor (the holder of the mortgage note to whom the payment was made) by virtue of Article 2161, paragraph 3, of the Civil Code, which provides that legal subrogation takes place of right where a co-debtor pays the debt of another with whom he is bound, or for whom he is bound, and has an interest in discharging the debt.

But in this case, we do not understand that the plaintiff is basing her right of re-imbursement for payments made on the mortgage note on any subrogation to the rights of the creditor, but she is basing her right to recover against her co-makers in solido on the Articles of the Civil Code which give obligors in solido a right of action against their co-obligors for re-imbursement of their share of the amount, where one pays the whole debt. Article 2103 of the Civil Code says that co-obligors in solido, as to the creditor are each liable for the whole debt, but as amongst themselves, they are liable each only for his part and portion, and the following ar-

ticle, 2104, gives the co-obligor in solido who has paid the whole debt the right to claim against the other co-obligors their share and portion, and no more. The fact that the co-obligor is subrogated to the rights of the creditor, does not prevent the co-obligor in solido who pays the debt from maintaining an independent action against the others for their share of the debt.

■ The prescription of three years is based on the theory that the items claimed to have been paid for taxes, street paving, insurance and repairs on the property constitute an open account and are therefore subject to the three year prescription. But it is clear that this is not a claim on an open account; the claim is for re-imbursement of amounts paid for and on behalf of the defendants, and becomes purely a personal action, prescribed only in ten years under Article 3544 of the Civil Code. Sandidge v. Hunt, 40 La.Ann. 766, 5 So. 55; Toledano v. Gardiner, 2 La.Ann. 779.

In our opinion, the ten year prescription applies to all of the claim advanced by plaintiff for re-imbursement of the various amounts which she claims to have paid for the benefit of her co-owners. The following expression of the court in the case of Owen v. Holmes, 12 Rob. 148, is pertinent here: "We do not understand that when an individual pays the debt of another, at the latter's request, the action to recover the money advanced for that purpose, should be prescribed by the same prescription which is applicable to the debt itself; in such a case, the claim becomes one of the personal actions which are only prescribed by ten years."

For these reasons, the pleas of three and five year prescription are hereby overruled.

Applying the ten year prescription, we find that some items in plaintiff's claim are prescribed. She sets out in her supplemental petition the various items which she claims to have paid, and verifies the supplemental petition by her affidavit. She testified to the correctness of the items shown in her supplemental petition on the confirmation of the default. Accepting her allegations and testimony as correct, the first three items were prescribed when the suit was filed; viz., payment of City taxes of $25.80 and street paving claim of $84.42 on December 13, 1926, and the payment of state and parish taxes of $31.-28 on January 7, 1927. The suit was not filed until June 18, 1937. These prescribed items amount to $141.50.

■ Another item of $85 claimed to have been paid for installing a sewerage in the house has no date, and in her second supplemental petition plaintiff alleges that she does not recall when this payment was made nor to whom it was made. We find some receipts in the record showing payment for sewerage work in 1924, and if this is the payment claimed to have been made, it is clearly prescribed. This item should not be allowed. Two other items claimed to have been paid in 1929, repairing porch $15 and building a bath room $25, do not seem to be supported by the testimony nor do we find any receipts in the record to cover these items, and they will also be disallowed. All the other items appear to be supported by proper receipts and testimony. The total of the items to be deducted is $266.50, or $88.84 on the judgment against each defendant.

For the reasons assigned, the judgment appealed from is hereby amended by reducing the amount of same in favor of plaintiff and against Henry Hall from $259.68 to $170.84; against Willie Hall from $259.68 to $170.84, and against Katie Hall Dunn from $284.68 to $195.84, and as thus amended, the judgment is affirmed; plaintiff and appellee to pay the cost of the appeal; defendants and appellants to pay all other costs.

## On Rehearing.

PER CURIAM.

An application for a rehearing has been filed by both the appellant and the appellee.

We have given consideration to both of these applications, and see no reason to disturb our original decree other than to correct an error in calculating the amount to which the judgment against each of the three defendants should be reduced.

We found that a total of $266.50 in the items claimed to have been paid by plaintiff was prescribed or had not been proved. As the plaintiff only asked for a judgment against each of the defendants for one-fourth of the amount paid by her, the reduction in the amount of the judgment against each defendant should have been one-fourth of said total instead of one-third as was made in our original decree.

It is therefore ordered that our original decree be corrected and the judgment ap-

pealed from is hereby amended by reducing the amount of same in favor of plaintiff and against Henry Hall from $259.68 to $193.06; against Willie Hall from $259.-68 to $193.06 and against Katie Hall Dunn from $284.68 to $218.06 and as thus amended said judgment is affirmed; plaintiff and appellee to pay the cost of the appeal, and defendants and appellants to pay all other costs.

Both applications for a rehearing are hereby overruled.