O’NIELL, Chief Justice.
 

 The plaintiff held a mortgage on the property of the defendant to secure a loan. It was stipulated in the act of mortgage that if the mortgagor should fail to pay the taxes assessed against the mortgaged property the association should pay them, and that the mortgage would secure their reimbursement. The association paid delinquent taxes on the property, amounting to $1-73.13, and brought this suit on the contract of mortgage to recover the amount from the mortgagor. The defendant pleaded that the suit, being a suit to recover taxes/ was barred by the prescription of three years. It is provided in section 1 of Act No. 26 of 1886 and in section 19 of Article 19 of the Constitution that tax liens shall be prescribed in three years. The judge of the district court overruled
 
 *700
 
 the plea of prescription on the ground that the plaintiff was not suing to enforce a tax lien but was suing to enforce the personal obligation of the mortgagor expressed in the contract of mortgage. The judge therefore ruled that the suit was subject only to 'the prescription of ten years, according to article 3544 of the Civil Code, which declares that all personal actions not otherwise prescribed are prescribed in ten years. The defendant did not urge any further defense to the suit. Judgment was rendered against him for the amount sued for, and he appealed to the court of appeal. That court held that the claim for reimbursement for the taxes for which the mortgagor obtained from the tax collector a subrogation to the tax lien, amounting to $159.18, was barred by the prescription of three years, and that the claim for reimbursement for the taxes which the plaintiff had paid without obtaining a subrogation to the tax lien, amounting to $13.95, was subject only to the prescription of ten years. The court of appeal therefore reduced the amount of the judgment to $13.-95. The plaintiff has brought the case here on a writ of review.
 

 The judgment of the court of appeal is correct, of course, in so far as it maintains that the claim for the taxes amounting to $13.95 for which the mortgagee did not obtain a subrogation from the tax collector is not subject to the prescription of three years. But we are of the opinion that that is true also of the claim for the taxes amounting to $159.18 for which the mortgagee did obtain a subrogation from the tax collector. The court of appeal puts too much emphasis upon the concluding paragraph of section 89 of Act No. 170 of 1898, as amended by Act No. 228 of 1932, § 2. This section authorizes tax collectors to give a transfer or subrogation of the tax lien to anyone who pays delinquent taxes assessed against someone else. The concluding paragraph of subdivision 1 of this section reads:
 

 “The payment herein contemplated to be made by a person other than the tax debtor shall not be construed or held to .be a payment or satisfaction of the tax.”
 

 The purpose of that provision in the statute is merely to make it certain that the outsider who pays the tax does not thereby extinguish the obligation of the tax debtor, but acquires from the tax collector the same security and the same remedies which the State has to collect the tax. - There is some redundancy here, because the authority of the tax collector to give a transfer and subrogation of the State’s right to collect the tax is stated plainly in the first paragraph of that section of the statute. In one sense, of course, a third person who pays the taxes for a tax debtor and becomes subrogated to the State’s lien may be said to buy — and not to pay — the State’s claim. But that idea deals more with the words than with the substance or effect of the, transaction. The defendant’s theory is that the plaintiff did not in fact pay the tax, because it is declared in the statute that a payment with subrogation “shall not be construed or held to be a payment or satisfaction of the tax”. But the payment by the mortgagee in this case was a payment as far as the mortgagor was concerned, notwithstanding the plain
 
 *702
 
 tiff obtained a subrogation to the State’s lien. There was no stipulation nor implication in the contract between the mortgagor and the mortgagee that the latter would forfeit the right of action against the mortgagor personally if the mortgagee should take a subrogation to the tax lien on paying the tax. The taking of the subrogation was merely the taking of additional security to that which was afforded by the conventional mortgage, and was neither violative of any condition in the contract nor detrimental to the tax debtor.
 

 The judgment of the court of appeal is annulled and the judgment of the district court is reinstated and made the final judgment of this court. The defendant is to pay all costs.