GLADNEY, Judge.
This action was brought by American Cast Iron Pipe Company against Wilson M. Volentine, d/b/a Volentine-Anderson Construction Company, to be reimbursed for the payment of sales taxes levied against it under the provisions of LSA-R.S. 47:301 et seq. The defendant answered denying his responsibility for the taxes, asserting that prices paid by it were net and not inclusive of sales taxes. Alternatively, it pleaded estoppel and the prescription of three years under the provisions of LSA-R.S. Const. Art. XIX, Section 19. Prior to a decision on the case defendant filed a peremptory exception of no cause or right of action on the ground that LSA-R.S. 47:301 et seq. confers no right of recovery. Additionally presented was a plea of prescription of three years based) on LSA-C.C. Art. 3538.
After trial of the case the court rendered' judgment for the plaintiff rejecting the defenses above set forth, holding that the sales tax statute granted unto the plaintiff the right to collect the taxes as througE a personal action. After consideration of a motion for a new trial the trial court sustained the same, recalled and set aside its previous judgment, and sustained the plea of prescription of three years based, on LSA-C.C. Art. 3538. From the judgment sustaining the plea of prescription the plaintiff has appealed. There has been, no answer to the appeal.
The sole issue presented to this court on-the appeal is whether plaintiff’s action is-prescribed by a limitation of three years-under Civil Code Article 3538 or is prescribed only in 10 years under Civil Code Article 3544. Plaintiff’s cause of action unquestionably arises under the provisions of LSA-R.S. 47:304 which insofar as-pertinent provide:
******
“Dealers shall, as far as practicable, add' the amount of the tax imposed under this-Chapter in conformity with the schedule or schedules to be prescribed by the collector pursuant to authority conferred herein, to the sale price or charge, which shall be a debt from the purchaser or consumer to the dealer, until paid, and shall be recoverable at law in the same manner as other debts. Any dealer who neglects, fails or refuses to collect the-tax herein provided, shall be liable for and pay the tax himself.”
“ i}c iji ifc
* * * * *
Thus the tax due from the purchaser to the dealer is characterized as “a debt from the purchaser or consumer to the dealer, until paid, and shall be recoverable at law in. *663 the same manner as other debts.” It is appellant’s contention that these provisions provide for reimbursement to the dealer by the purchaser or consumer and is a personal action, prescribed only by ten years. Codal Article 3538, insofar as appropriate herein, provides:
“The following actions are prescribed by three years:
* * * * * *
“That on the accounts of merchants, whether selling for wholesale or retail.
‡
“That on all other accounts.”
* * * * *
Personal actions in general are subject to the limitation imposed by Code Article 3544 which reads:
“In general all personal actions, except those before enumerated, are prescribed by ten years.”
The obligation of Volentine to the American Cast Iron Pipe Company is for taxes due by Volentine to the State of Louisiana, which American Cast Iron Pipe Company was required by law to collect from Volen-tine. Having paid the amount of these taxes Volentine then became indebted as provided by LSA-R.S. 47:304, quoted supra. This statutory provision in our •opinion created a personal obligation which remained due by Volentine to appellant until paid. It was, therefore, in the nature of a personal obligation, not otherwise subject to limitations of actions pertaining to •certain specific obligations. The taxes were not part of the purchase but the collection therefor imposed a distinct obligation and when unpaid by the purchaser gave rise to a new right of action. We hold that the debt was not an account and was subject only to the prescription of ten years. Toledano v. Gardiner, 2 La.Ann. 779 (1847); East Baton Rouge Parish v. McDonogh, 10 La.Ann. 395 (1855); Johnson v. Hall, La.App., 185 So. 64 (1st Cir.1938); First Federal Savings and Loan Association of Shreveport v. Blanchard, 195 La. 697, 197 So. 280 (1940).
The judgment of the trial court sustaining the plea of prescription of LSA-C.C. Art. 3538 is annulled, set aside and reversed and said plea of prescription is overruled. It is further ordered that this case be remanded to the First Judicial District Court for Caddo Parish for further proceedings not inconsistent with the views expressed herein. Appellee is taxed with the costs of this appeal.