WATKINS, Judge.
The defendant, Jenkins Brothers Asphalt Company, Inc. (Jenkins), appeals a judgment in excess of $10,000.00 in favor of plaintiff, Southland Oil Company (South-land), reimbursing taxes and penalties that Southland paid to the State of Louisiana on materials Jenkins purchased from South-land. We reverse.
On July 10, 1985, Southland, a Mississippi corporation, filed suit against Jenkins, a Louisiana corporation, for Louisiana sales taxes due on transactions occurring during two time periods: 1977 through 1979; December, 1982, through October, 1983. In its petition Southland alleged that it had “underbilled” the defendant in an amount equal to the sales taxes that Southland eventally paid to the State[2] pursuant to LSA-R.S. 47:301 et seq.
The trial court rendered judgment against Jenkins, providing us with written reasons. The trial judge stated, in part:
Although the defendant contends that the action is prescribed by a limitation of three years under C.C. Art. 3499 and the La. Const. Art. 7 Sec. 16, the Court finds that such an action is a personal action which is prescribed by a limitation of ten years under C.C. Art. 3499. American Cast Iron Pipe Company v. Volentine, 191 So.2d 661 (2nd Cir.1966). The Court further finds no merit to the defendant’s plea of estoppel.
Because of our interpretation of LSA-R.S. 47:304 C, we need not address the defenses noted by the trial court, nor the several trial errors assigned by the defendant.
The pertinent provisions of LSA-R.S. 47:304 are:
B. Every dealer located outside the state making sales of tangible personal property for distribution, storage, use, or other consumption, in this state, shall at the time of making sales collect the tax imposed by this Chapter from the purchaser.
C. Dealers shall, as far as practicable, add the amount of the tax imposed under this chapter in conformity with the schedule or schedules to be prescribed by the collector pursuant to authority conferred herein, to the sale price or charge, which shall be a debt from the purchaser or consumer to the dealer, until paid, and shall be recoverable at law in the same manner as other debts. Any dealer who neglects, fails or refuses to collect the tax herein provided, shall be liable for and pay the tax himself (Emphasis supplied.)
It is undisputed that Jenkins paid for all its purchases. It is also undisputed that Southland did not add the taxes to the purchase prices it charged Jenkins. Jenkins, in turn, bid its construction jobs on the basis of the prices it was receiving from Southland. The first demand by Southland for taxes was not made until after the first audit by the State, when Jenkins’ construction jobs had been completed. Under the provisions of LSA-R.S. 47:304 C, Southland, a dealer that failed to collect the Louisiana tax, was liable itself for payment of the tax.[3] Regardless of the obligation that the statute imposes upon purchasers, the statute mandates that dealers collect the taxes or pay the taxes themselves. Thus, payment by a dealer who fails to collect from his purchaser is payment of the dealer’s debt, not the purchaser’s debt. Principles of subrogation and/or indemnity do not apply.
In our opinion the language of subd. C is clear and unambiguous; we must apply the *1240 last sentence as it is written. LSA-C.C. art. 9. The interpretation that the trial court made of the first sentence of subd. C, regarding the buyer’s obligation to the dealer, destroys the meaning of the last sentence, regarding the dealer’s obligation to the State. We cannot presume that the legislature inserted meaningless language into the statute. Bunch v. Town of St. Francisville, 446 So.2d 1357 (La.App. 1st Cir.1984).
The device chosen by the legislature— making the dealer personally liable for the monies it is obligated by law to collect — is reasonable. It is not unique in our law. For example, a garnishee who fails to answer a proper garnishment can become, by operation of law, personally liable for the debt of the judgment debtor. LSA-C.C.P. art. 2413.
Nor does our reading of subd. C reveal a legislative intent to allow the dealer to collect from the purchaser after the dealer has paid the tax which he failed to collect contemporaneously with the purchase price. If the legislature had so intended, a provision for indemnification could have been written in. We realize this interpretation of LSA-R.S. 47:304 C differs from the result in American Cast Iron Pipe Co. v. Volentine, 191 So.2d 661 (La.App. 2d Cir. 1966), the case followed by the court below. But the opinion in Volentine fails to specify whether or not the dealer was chargeable with an act or omission sufficient to trigger the second sentence of subd. C. To the extent that our opinion conflicts with Volentine, we decline to follow the decision of our brethren of the second circuit.
Furthermore, when coupled with the rationale of Volentine, the realities of the marketplace provide disparate opportunities for redress for dealers. In the case of some businesses, such as the contractor’s and materialman’s businesses involved in the instant litigation, records are kept of transactions, enabling actions against purchasers long after the completed sales. But in the case of most other businesses, such as retailers, records of transactions usually are unavailable. If we were to interpret LSA-R.S. 47:304 C as the second circuit has done, absurd consequences would flow, with some dealers able to recoup their funds and others relegated to their own pockets. Business cannot function within, and the law cannot sanction, such a lack of uniformity and certainty.
Because the application of LSA-R.S. 47:304 C requires dismissal of Southland’s claim, it is unnecessary for us to decide the issue of prescription. However, we note that today’s decision is more consistent than the Volentine opinion is with the rationale of Sabine Pipe & Supply Co. v. McNamara, 411 So.2d 1167 (La.App. 1st Cir.), writs denied, 414 So.2d 1254 (La. 1982). That was a suit to compel remittance by an out-of-state dealer of taxes which it had collected from Louisiana purchasers at the time of the purchases. In rejecting the dealer’s plea of prescription, we stated: “This is not a suit against the tax-payer to collect taxes, which is barred after three years by Article 7, Section 16 of the Louisiana Constitution of 1974....” Sabine Pipe & Supply Co. v. McNamara, supra, at 1169. The inconsistent opinion in Volentine, supra, creates an anomaly: if the State sues the purchaser for unpaid sales or use taxes, the State has only three years to bring its action; but if the State sues the dealer, and subsequently the dealer sues the purchaser, the dealer has 10 years.
Accordingly, we reverse the judgment of the trial court. Appellee is to pay all costs.
REVERSED.

. The State is not a party to this litigation. The amount paid by the plaintiff was established, after negotiations between Southland and the State, by two audits performed by the State on Southland's business records. The total amount of taxes paid by Southland was approximately four times the amount allegedly owed by Jenkins. The trial court correctly excluded evidence of the disposition of Southland’s claims against other persons and/or firms.

. Because this suit is between the dealer and the purchaser, we are not concerned here with any defenses, such as possibly an out-of-state business defense, that Southland may have had. Southland acquiesced in the State’s demands, which acquiescence is tantamount to an admission of its liability under the statute. We note that Southland did not pay the taxes under protest. See LSA-R.S. 47:1576.