99 So.2d 345

**CLAIBORNE SALES COMPANY, Inc.**

v.

**COLLECTOR OF REVENUE.**

**Rufus W. FONTENOT, Collector of Revenue, State of Louisiana,**

v.

**CLAIBORNE SALES COMPANY, Inc.**

No. 42981.

Nov. 12, 1957.

Rehearing Denied Jan. 9, 1958.

Hollingsworth B. Barret, Shreveport, for petitioner-appellant.

George C. Gibson, New Orleans, Robert L. Roland, Levi A. Himes, Chapman L. Sanford, Baton Rouge, for appellee.

PONDER, Justice.

In these consolidated suits, the Claiborne Sales Company, Incorporated, is contesting an assessment made by the Collector of Revenue for sales tax during the period beginning January 1, 1951 through August 31, 1953, in the amount of $9,469.03, penalties, and interest.

The only question in dispute is whether or not the tax is due and whether or not penalties should be assessed under the facts in this case.

The Claiborne Sales Company, Incorporated, is engaged in the business of selling ceramic tile and tile accessories to tile contractors exclusively. This corporation, hereinafter referred to as Claiborne, petitioned the Board of Tax Appeals for a re-determination of the assessment contending that it is a wholesale dealer within the meaning of LSA–R.S. 47:301 et seq., the Sales Tax Law. Claiborne also filed a plea of estoppel alleging that it had twice made application for a sales tax registration certificate to a deputy collector and that the certificate was not issued because the agents of the Collector represented that Claiborne was not subject to the sales tax law. Claiborne also contends that to exact a penalty for the failure to pay the tax, after it had followed the instructions of the agent of the Collector, would constitute unjust enrichment.

The Collector of Revenue took the position that Claiborne is a retail dealer because such transactions must be considered as sales at retail within the meaning of LSA–R.S. 47:302, and specifically under Section 301(10) which defines retail sale as a sale to a consumer or to any person other than for resale.

A hearing was had before the Board of Tax Appeals and this board came to the conclusion that Claiborne was a wholesaler but that since Claiborne did not comply with the regulations (Article 2–38 of the Rules and Regulations of the Collector of Revenue), by having resale certificates, that, therefore, it was liable for the tax because of non-compliance with Section 301(10). The litigants appealed from this ruling of the Board to the district court. Upon hearing, the district court reversed the ruling of the Board of Tax Appeals and gave judgment in favor of the Collector of Revenue for the amount of the assessment, penalties and interest. Claiborne has appealed.

■ The issue presented is whether or not the sales made by Claiborne to tile contractors are to be considered whole-

sale transactions or retail sales. It is admitted in an agreed stipulation of facts that Claiborne is engaged in the business of selling tile and accessories to tile contractors exclusively to be used by these contractors in performing and fulfilling installation contracts made directly with real estate owners or with general building contractors. The sales were made in wholesale quantities, sufficient to complete a job or for the tile contractors to keep in stock for future jobs.

LSA–R.S. 47:302 provides: "There is hereby levied a tax upon the sale at retail, the use, the consumption, the distribution, and the storage for use or consumption in this state, of each item or article of tangible personal property, as defined herein, * * *." The term retail sale is defined in Section 301(10) as "a sale to a consumer or to any person for any purpose other than for resale in the form of tangible personal property * * *."

As aptly stated by the trial judge in his written opinion:

"The crucial inquiry becomes, 'What is a sale at retail?' The Act defines it. Whatever the popular conception of 'sale at retail' may be, the courts, in interpreting the Act, are bound by the definition contained in the Act itself. [LSA–] R.S. 47:301(10) reads, in pertinent part: ' "Retail sale" or "sale at retail" means a sale to a con-

sumer or to any person for any purpose other than a resale in the form of tangible personal property * * *.' "

The question of whether or not sales to contractors and sub-contractors are retail sales was specifically passed on in the case of State v. J. Watts Kearny & Sons, 181 La. 554, 160 So. 77. In that case the Collector of Revenue sought to collect a retail license tax from the defendants, who were engaged in the business of selling building materials at wholesale. It was contended therein that such sales were not retail sales under the provisions of that act (Occupational License Act, LSA–R.S. 47:341 et seq.). That act defined a wholesaler as one who sells to dealers for resale. It was contended therein that the contractors and sub-contractors resold the building materials to the owners of the building constructed or repaired. This Court held in that case that the sales made by the defendants were retail sales for the reasons that the contractors were not dealers and in executing their building contracts did not sell the building materials to the owners but used them in the performance of their contract whereby they delivered to the owners of real estate a completed work, edifice, or structure.

It was pointed out in the Kearny case [181 La. 554, 160 So. 78.]:

"A contractor who buys building materials is not one who buys and sells—a trader. He is not a 'dealer,'

or one who habitually and constantly, as a business, deals in and sells any given commodity. He does not sell lime and cement and nails and lumber. His undertaking is to deliver to his obligee some work or edifice or structure, the construction of which requires the application of skill and labor to these materials so that, when he finishes his task, the materials purchased are no longer to be distinguished, but something different has been wrought from their use and union. The contractor has not resold but has consumed the materials. Sales to contractors are sales to consumers, * * *."

The Kearny case was cited with approval in State v. Owin, 191 La. 617, 186 So. 46. From these two decisions, the conclusion is inescapable that the appellant herein is liable for the tax.

■ The question of estoppel raised in the present case is the same as that raised in the Kearny case and it was held therein that since there was no ambiguity in the language of the statute and its construction as applied to the defendants, the state cannot be estopped from collecting the tax in spite of the advice given by the agents.

Justice Fournet (on rehearing) in the Kearny case in regard to contemporaneous construction stated: "The mere failure of public officers charged with a public duty

to enforce statutory and constitutional provisions in respect to the levy and collection of taxes, or the acquiescence of public officers in conditions that exempted certain property from its fair share of the burdens of taxation, should not be permitted to stand in the way of the correct administration of the law, or be construed to estop more diligent and efficient public officers when they attempt to perform their duty by bringing in to the revenue proper subjects of taxation that had theretofore been allowed to escape the payment of taxes." Quoting from City of Louisville v. Board of Education of City of Louisville, 154 Ky. 316, 157 S.W. 379, 380.

Although in the present case it is contended by appellant that it twice made application to the deputy collector for dealer's registration certificates and twice was refused, there is no evidence in the record of this refusal. None of the agents of the Collector who supposedly told appellant that they were not liable for the tax were called to testify. But, be that as it may, the acts of these agents cannot now estop the state in view of the plain language of the statute and the interpretation given the term "wholesaler" in the Kearny case which has been the law for many years.

On the question of penalties the same arguments were made in the Kearny case and the Court, without any comment, assessed the penalties.

In the present case it is contended by Claiborne, in brief filed in this Court, that the Collector assessed a penalty upon a penalty. The Collector assessed the amount of $9,469.03 in tax, $2,367.54 in penalty, and $1,074.58 in interest, making a total of $12,911.15. When the case was tried in the lower court, it was the contention of Claiborne that nonpayment of the tax was not wilful but a course of action followed upon instructions of the agents of the Collector and that hence the Collector was estopped from now collecting same. Nowhere in the record is a breakdown of the $2,367.54 penalty given or explained. For the first time Claiborne now claims that this is a penalty upon a penalty. There is no proof in the record to substantiate this contention. In the absence of any proof to the contrary by Claiborne it must be assumed then that the $2,367.54 penalty was properly assessed.

For the reasons assigned, the judgment is affirmed at appellant's cost.

HAMITER, J., dissents.

On Application for Rehearing

PER CURIAM.

■ In an application for a rehearing, counsel for appellant complains that we have misconstrued the nature of the $9,469.03 assessment, treating it as a tax, when, in fact, it is a penalty. While it is true that we did refer to the assessment as a tax, whereas R.S. 47:304 designates it to be a penalty, the error is inconsequential as we are still of the opinion that the State is not estopped from insisting that appellant comply with the law. State v. J. Watts Kearny & Sons, 181 La. 554, 160 So. 77. See also 31 C.J.S. "Estoppel" § 147, p. 434.

■ Appellants also complain of the infliction of the additional penalty and interest under R.S. 47:1601 and 1602. Although penalties must be strictly construed, R.S. 47:1602 clearly provides for the assessment of the additional penalty to be added to the tax (penalty) when the "taxpayer" fails to make the return required by the provisions of the Subtitle.

■ A "taxpayer", as defined by R.S. 47:2 "means any person liable to pay a tax or file a return under any provision in which the word 'taxpayer' appears * *". Hence, since appellant was required by R.S. 47:306 to file a return and remit the sales taxes it should have collected, it became liable for the additional penalties and interest applicable thereto.

The application for a rehearing is denied.

HAMITER, J., is of the opinion that a rehearing should be granted.