320 So.2d 234 (1975)
AMERICAN SIGN AND INDICATOR CORPORATION, Plaintiff-Appellant,
v.
CITY OF LAKE CHARLES, Louisiana, Defendant-Appellee.
No. 5140.
Court of Appeal of Louisiana, Third Circuit.
October 8, 1975.
John Sheldon Toomer, Lake Charles, for plaintiff-appellant.
Peter A. Ciambotti, Lake Charles, for defendant-appellee.
Before HOOD, DOMENGEAUX and HALL, JJ.
HALL, Judge.
Plaintiff, American Sign & Indicator Corporation, sued defendant, City of Lake Charles, seeking recovery of the sum of $3,849.61 allegedly owed by defendant for State, School Board and City sales taxes arising out of the performance of a contract for the construction by plaintiff of a large sign on defendant's Civic Center property. The City answered denying liability *235 for payment of any sales taxes and reconvened against plaintiff for recovery of $769.92 in sales tax allegedly owed the City by plaintiff arising out of the same construction project.
After trial the district court, pursuant to well-reasoned written reasons for judgment, rendered judgment rejecting plaintiff's demands against the City and granting the City judgment for $379.82 against plaintiff. We affirm the decision of the district court.
The facts are disclosed by documents offered into evidence and by a stipulation between the parties.
On July 10, 1972, pursuant to public bids, plaintiff entered into a building or construction contract with the City whereby plaintiff agreed to provide and furnish all materials, equipment and labor to perform all work required to build, construct and complete a large, illuminated sign on the Civic Center property owned by the City in accordance with certain plans and specifications for a contract price of $76,992.16. The contract contains no provisions concerning sales taxes.
Construction was completed and the contract price was paid on June 7, 1973.
It is stipulated that of the contract price of $76,992.16, the sum of $39,010.25 is allocated to labor cost and to items on which all sales or use taxes have been paid, leaving a taxable amount of $37,981.91 on which sales taxes, if any are owed, should be computed. The amounts of taxes due, if any, are $1,139.46 state, $379.82 school board and $379.82 city.
It is further stipulated, and copies of the ordinances filed in evidence reflect, that the pertinent provisions of the local ordinances are the same as those of the state statute, LSA-R.S. 47:301 et seq., except as to the tax rate, the state being 3% and the local rates each being 1%.
It is further stipulated, and it is clear under the law, that the Civic Center sign constructed pursuant to the contract is immovable property and is not movable property. Industrial Outdoor Displays v. Reuter, 162 So.2d 160 (La.App. 4th Cir. 1964), writ refused, 246 La. 348, 164 So.2d 352; LSA-C.C. Arts. 464, 467, 468.
LSA-R.S. 47:302, and the two local ordinances, levy a tax "upon the sale at retail, the use, the consumption, the distribution, and the storage for use or consumption. . . of each item of or article of tangible personal property, as defined herein. . . ."
LSA-R.S. 47:301(16), and the two local ordinances, define "tangible personal property" as follows:
"`Tangible personal property' means and includes personal property which may be seen, weighed, measured, felt or touched, or is in any other manner perceptible to the senses. The term `tangible personal property' shall not include stocks, bonds, notes, or other obligations or securities."
The district court correctly held that the City, as owner under a contract for the construction of immovable property, is not liable for taxes imposed on the sale or use of tangible personal property, but that plaintiff, as contractor, is liable for taxes imposed on the materials used and consumed by it and incorporated in the immovable structure, to the extent that taxes have not previously been paid. The district court cited St. John the Baptist Parish School Board v. Marbury-Pattillo Construction Company, Inc., 259 La. 1133, 254 So.2d 607 (1971), which is closely in point and controls the decision in the instant case.
In that case, a parish school board sought to collect a sales and use tax from both parties (owner and contractor) to a contract for the erection of a terminal grain elevator, dock structure and related *236 facilities. In holding that the contractor was liable for the tax but the owner was not, the Supreme Court stated:
"The definition of `tangible personal property' in the ordinance corresponds with the definition of corporeal movables in the Civil Code. C.C. arts. 460, 473, 475. The port commission's contract was not for the purchase of movables, but for the construction of immovables. C.C. arts. 464, 467, 468. No provisions of the ordinance taxing the owner of land who contracts for the erection of structures thereon have been brought to our attention, and we have been able to discover none. Considering the ordinance as a whole, it is apparent that it was contemplated that the sales tax apply only to movables, not immovables."
The holding in the Marbury-Pattillo case is consistent with the earlier cases of Claiborne Sales Company, Inc. v. Collector of Revenue, 233 La. 1061, 99 So.2d 345 (1957) and State v. J. Watts Kearney & Sons, 181 La. 554, 160 So. 77 (1934). See also 33 La.L.Rev., 289, 292.
Plaintiff-appellant urges the Marbury-Pattillo case is distinguishable because in that case the contract specifically provided for taxes to be paid by the contractor whereas there is no such provision in the contract between plaintiff and the City in the instant case. The distinction between the contracts in the two cases is correct, but the decision of the Supreme Court did not rest on the contractual provisions, but specifically was grounded on its holding that sales tax is levied on the sale and use of tangible personal property, not immovable property.
Plaintiff-appellant further contends that the sales tax statute, and ordinances, require the tax to be collected by the dealer from the purchaser or consumer (LSA-R. S. 47:304), that the City is such a purchaser or consumer in this instance, and that the City's liability for taxes under the statute is in addition to its liability for the contract price. This contention falls under the holding that sales tax is not levied on the sale or use of immovable property. The City is not a "purchaser or consumer" of tangible personal property and is not liable.
For the reasons assigned, the judgment of the district court is affirmed, at appellant's costs.
Affirmed.