BOWES, Judge.
St. Pierre’s Fabrication & Welding, Inc. (hereinafter referred to as St. Pierre’s) was assessed $22,472.82 plus penalties and interest for failure to pay certain Louisiana general sales taxes due for the period of January 1, 1979 through September 30, 1982. The assessment was the result of a Department of Revenue and Taxation (hereinafter referred to as Department) audit conducted by Ms. Renita Nelson and Ms. Elizabeth Vick in February 1983.
Subsequent to this assessment, a timely application for a hearing before the State of Louisiana, Board of Tax Appeals (hereinafter referred to as the Board), was requested and granted. Hearings were held before the Board on April 25, 1984 and May 31, 1984.
On July 26, 1984, the Board rendered judgment in favor of St. Pierre’s vacating and setting aside the entire assessment of Louisiana general sales tax, penalty and interest. Thereafter, the Department petitioned the 29th Judicial District Court, Parish of St. Charles, to review the decision of the Board of Tax Appeals. That hearing was held on August 15, 1985 by the Honorable Joel T. Chaisson, who affirmed the decision of the Board of Tax Appeals by a judgment read, rendered and signed on August 21, 1985.
From that judgment, the Department has perfected this appeal.
St. Pierre’s is a Louisiana corporation engaged in the business of contracting, fabricating, providing welding services, materials and equipment in Destrehan, Louisiana. On January 30, 1981, St. Pierre’s applied for a Sales Tax Certificate by forwarding an application for said certificate to the Department of Revenue and Taxation in Baton Rouge, La. On that application, St. Pierre’s stated in handwriting that it had started to sell taxable items. Those items are described on Line 20 as “metal.” On February 16, 1981, the Department of Revenue returned St. Pierre’s “Application and/or Request for a Sales Tax Certificate” because, according to Eva Chatelain, who handled the application for the Department: “We show you registered as a contractor and not liable for State sales tax. Any tax you pay should be recovered in your total contract price. Should you begin selling items not included in your contract work, you will need to apply for Retail Dealers’ License and State Sales Tax Certificate.”
Based upon the foregoing determination by Ms. Chatelain, a Department representative, and assurances from its C.P.A. firm that, as a general contractor, St. Pierre was not required to collect sales tax, the company, in apparent good faith, made no further effort to collect or determine if it was required to collect general sales taxes until after the Department audit. Appellee now holds the proper license and collects/pays sales tax.
In Parish of Calcasieu, Calcasieu Par. Pol. J. v. Traigle, 296 So.2d 418 (La.App. 1st Cir.1974), Rehearing Denied, our brothers of the First Circuit addressed a similar question, albeit involving dissimilar facts. They stated at page 427:
Petitioners allege that they cannot be held liable for interest and penalties because of their good faith throughout the construction of the plant. [...]
Specifically, petitioners say that the penalty appertaining to the failure of Planet Corporation to file tax returns should not be imposed because said corporation was in good faith in believing that no taxes were due on the basis of Mr. Salter’s letter so advising GCA and the contractors [...]
... [T]he letter from Mr. Salter does not by itself establish good faith because Mr. Salter was not a representative of the Department and no one in the Department ever advised Planet either that no taxes were due or that no return had to be timely filed. There being no showing of good faith on behalf of Planet Corporation, the penalty exacted against it, for failing to file a timely tax return, will stand.
Although the Court here held the tax was collectible, the implication is clear that they *546 would have held to the contrary had a representative or proper employees of the Department advised the plaintiffs here that they were not liable for the tax. It is clear that, in the present case, representations by a Department employee were relied upon by St. Pierre.
Although the Board of Tax Appeals gave no reason for finding in favor of plaintiff, the district court judge, in affirming the Board’s judgment, stated:
... Gentlemen, the Court has read the entire transcript of the proceedings in these matters before the Board of Tax Appeals, and believes it has a firm understanding of the sequence of events that brought this matter before the Court. It is obvious to the Court that manifest error was not committed by the Board of Tax Appeals in its ruling, that the ruling was correct, that Mr. St. Pierre did in fact do everything that he could based upon this Court’s interpretation of attempting to get a clear determination from the Department as to whether or not he was supposed to collect the sales tax. It was only because of the representations made by an employee of the tax department that he did not collect these taxes. Based upon that situation, the doctrine of estoppal, and based upon equity, the Court is going to find that there was no manifest error committed in the ruling of the Board.
Appellant argues that statements made by agents of the Department do not estop the Collector from thereafter seeking to collect taxes. In support of this argument, the Department cites two cases: Traigle v. Parish of Calcasieu, 296 So.2d 411 (La. App. 3rd Cir.1974) Collector of Revenue v. J.L. Richardson Company, 247 So.2d 151 (La.App. 4th Cir.1971). In our opinion, both of these cases, who base their reasoning on Claiborne Sales Company v. Collector of Revenue, 233 La. 1061, 99 So.2d 345 (1957) are misapplied by the appellant. The tax payer in the Claiborne case was not a contractor, but rather sold to contractors. The court was called upon to decide “whether or not the sales made by Claiborne to tile contractors [were] to be considered wholesale transactions or retail sales.” Claiborne, supra at 346. The Court, in finding contractors were “end users” and thus sales to them retail transactions, stated at page 347:
It was pointed out in the Kearny case [State v. J. Watts Kearny & Sons, 181 La. 554, 160 So. [77]78.]:
“A contractor who buys building materials is not one who buys and sells — a trader. He is not a ‘dealer,’ or one who habitually and constantly, as .a business, deals in and sells any given commodity. He does not sell lime and cement and nails and lumber. His undertaking is to deliver to his obligee some work or edifice or structure, the construction of which requires the application of skill and labor to these materials so that, when he finishes his task, the materials purchased are no longer to be distinguished, but something different has been wrought from their use and union. The contractor has not resold but has consumed the materials. Sales to contractors are sales to consumers, * *
It is uncontroverted that St. Pierre’s is a contractor, not a trader or dealer. It buys raw metal from its suppliers and applies skill and labor to that metal to produce the pipe “slip bys” it supplies to Shell.
The Claiborne case continues:
The question of estoppel raised in the present case is the same as that raised in the Kearny case and it was held therein that since there was no ambiguity in the language of the statute and its construction as applied to the defendants, the state cannot be estopped from collecting the tax in spite of the advice given by the agents, [emphasis ours]
The Department argues that equitable estoppel should not bar them from collecting taxes in this case since the Supreme Court held in Claiborne that erroneous advice by agents of the Department is no bar to the collection of validly due taxes. We, however, find appellant’s argument without merit for the following reason.
*547 It is clear that the Supreme Court’s ruling in Claiborne, supra was limited to a situation where “there was no ambiguity in the language of the statute and its construction as applied to the defendants _” [emphasis ours]. In this case, there certainly was ambiguity as to how the statute should be applied to St. Pierre’s, a general contractor. See Kearney, supra.
Under these circumstances, and as applied to this defendant, we agree with the conclusion reached by the learned district judge that in this case estoppel must apply. Accordingly, we find no. manifest error in his judgment, which we affirm. All costs of this appeal are taxed to the Department.
AFFIRMED.
KLIEBERT, J., concurs with written reasons.