GOTHARD, Judge.
This is an appeal by a taxpayer from judgment in favor of the Department of Revenue and Taxation on an assessment for general sales taxes.
The plaintiff, Bill Roberts, Inc., is an electrical contractor who for more than twenty years has performed work under contract on state projects, as well as school board and parish projects. Following an audit by the Department, on August 29, 1985 Roberts was assessed for sales taxes due for January 1,1982 through March 31, 1985 plus interest and penalty, amounting to $58,840.80. The Department based its assessment on sales of equipment and supplies to Roberts for use on certain construction contracts with government agencies. Bids received by Roberts from wholesalers for the equipment and supplies included no sales tax, as the agencies were exempt from the tax under LSA-R.S. 47:305, and he had understood none was to be paid by him.
The Board of Tax Appeals found in favor of the Department, dismissing plaintiffs petition but removed the penalties; however, that finding was omitted from its judgment. The matter was then heard on appeal by the 24th Judicial District Court. The court affirmed the Board’s decision on September 23, 1987, based upon oral arguments and review of the record, stating that:
The issue in this case is whether the taxpayer was an agent of the government agencies with whom he contracted such that he would be entitled to the tax exemption given to the government agency. Considering the totality of the circumstances, the taxpayer was not an agent of the various government agencies. Therefore the taxpayer is not entitled to claim the statutory exemption....
This appeal followed.
The appellant raises several issues, which we summarize as follows: 1) whether the contractor who purchases equipment and supplies for use only on a government contract should be held liable for sales tax, having been informed by the government agency that it is exempt from sales and use taxes; and 2) whether an agency relationship existed between the contractor and the governmental entity for the purchases of tangible personal property; and 3) whether the record supports the trial court’s affirmation of the Board’s decision.

Contractor’s Liability for Sales Tax on Equipment and Supplies

It is well established in this state that taxing statutes are to be construed strictly against the taxing authority. If a statute may be interpreted reasonably in more than one way, the interpretation less onerous to the taxpayer shall be adopted. Collector of Rev. v. Wells Fargo Leasing, 393 So.2d 1244 (La.1981); St. Charles Parish Sch. Bd. v. La. Power & Light, 465 So.2d 93 (La.App. 5th Cir.1985), writ denied 466 So.2d 1302 (La.1985).
Under the sales tax statute, LSA-R.S. 47:301 et seq.[1] if it were found that Rob *461 erts sold the material and equipment directly to a tax exempt agency, then Roberts would owe no tax; or if he had paid tax to the wholesaler and then sold to the exempt agency he could deduct the tax on those items from sales taxes owed.
Although the appellant argues that the owner, here a government agency, is the final user or consumer of materials incorporated into its project, the jurisprudence is settled to the contrary. The status of a contractor vis-a-vis the sales tax statute is well stated in Concordia Parish School Board v. Russ, 491 So.2d 1368, 1372 (La.App. 3rd Cir.1986), writ denied 496 So.2d 350 (La.1986):
The contractor or builder of an immovable has been found to be the ultimate consumer of the building materials that go into constructing the immovable. Claiborne Sales Company v. Collector of Revenue, 233 La. 1061, 99 So.2d 345 (1957). Since tangible personal property has been judicially defined as movable property, the sale to the owner of the immovable is not taxable. American Sign & Ind. Corp. v. City of Lake Charles, 320 So.2d 234 (La.App. 3d Cir.1975). Therefore, the contractor is the purchaser and consumer of the building materials used in construction and owes a tax on the purchases. St. John the Baptist P.S.B. v. Marbury-Pattillo C. Co., 259 La. 1133, 254 So.2d 607 (1971). [Emphasis supplied.]
Accord, Cajun Contr. v. Dept. of Revenue & Tax, 515 So.2d 625 (La.App. 1st Cir.1987).
Roberts testified that because the bid forms and purchase orders supplied to him by the agencies contained statements to the effect that the respective agencies were exempt from sales tax, he assumed the wholesaler was to exclude tax on materials invoiced to state jobs. He purchased the materials tax-free and charged the same price to the agencies upon delivery. He argues that the state is estopped from assessing sales tax after giving notice of its exemption on bid forms. Even when information provided by the state is erroneous, the state may collect a tax, “provided the language of the statute imposing the tax is clear and unambiguous as applied to the taxpayer”. Pierre’s Fabrication & Weld, v. Mc Namara, 495 So.2d 1295, 1297 (La.1986).
In the case before us, the exemption provision, LSA-R.S. 47:305.29, states that the sales and use taxes do not apply “to purchases by the state or any of its agencies.” Roberts was the “consumer” in the sale at retail as set out in Sec. 47:302(A) and Sec. 47:301(10)(a). As the purchases were not made by the state or its agencies, sales tax was due when Roberts purchased from the supplier, regardless of the statement on the bid forms.

Agency Relationship:

The Department’s position is that only if an agency relationship between the contractor and the agent can be shown, would the contractor be excused from paying sales tax on materials used in construction for the state. Chrysler Corporation v. *462 City of New Orleans, 238 La. 123, 114 So.2d 579, 587 (1959).
Under the mandate articles, the power to purchase and sell must be express. LSA-C.C. art. 2997. Authority to act as agent in buying or selling movables need not be in writing and agency may be created verbally. Sloan v. Mowata Rice Drier, Inc., 400 So.2d 735 (La.App. 3d Cir.1981). The burden is upon the person claiming to act as an agent. The state insists that the agency agreement would have had to be in writing. While clearly express mandate to purchase movables may be unwritten, no proof appears in the record. Accordingly, we are unable to find that Roberts’ purchases were made as agent for an exempt agency.

Adequacy of Proof

In the case of Collector of Revenue v. Murphy Oil Corp., 351 So.2d 1234 (La.App. 4th Cir.1977) the court explained in detail the procedure for appealing a decision by the Collector of Revenue, as set out in LSA-R.S. 47:1401 et seq. The Board of Tax Appeals hears and decides questions of law and fact arising from taxpayer-Collector disputes. R.S. 47:1434 and 47:1435 provide for judicial review of the decisions of the board. The original transcript of the record, together with all exhibits and evidence, “shall be the basis for any action on review and the decision of the district court shall be rendered upon the said record as made up before the board.” Collector of Revenue v. Murphy Oil Corp., supra, 1235. The court explains further that:
... the Board acts as a trial court, its findings of fact should be accepted where there is substantial evidence in the record to support them, and should not be set aside unless they are manifestly erroneous in view of the reliable, probative and substantial evidence on the whole record. If the Board has correctly applied the law and adhered to correct procedural standards, its judgment should be affirmed. [Emphasis supplied.]
Collector of Revenue v. Murphy Oil Corp., supra, 1236.
We note that in the case of Sabine Pipe & Supply Co. v. Mc Namara, 411 So.2d 1167 (La.App. 1st Cir.1982) writ denied 414 So.2d 1254 (La.1982), the state introduced copies of invoices for sales upon which it had claimed taxes to be due. The record in the case before us contains no documentary evidence whatever to support its claim, and even the first notice to the taxpayer was not filed. At the Board’s hearing of the appeal the person testifying for the state was not the auditor who reviewed Roberts’ records and made the assessment but another auditor who had only reviewed the findings. The audit itself was not introduced into evidence.
Ms. Vemita Nelson, the state’s witness, testified as follows as to the findings of the auditor:
Q: Did she review all of the contracts?
A: The contracts was reviewed. In audit of a contract, the first thing that the auditor would have to do is review all contracts to determine exactly what has happened here or what transaction is to be performed.
Q: ... Ms. Nelson, in review of the audit, did the auditor include in his assessment purely sales transactions between Mr. Roberts and the government agency?
A: The audit schedule indicates that a sales transaction between Mr. Roberts, vendor and Mr. Roberts, (sic) In this audit, it’s all vendors, it’s not the governmental agency.
Q: Mr. Roberts is the vendor, did you say?
A: Mr. Roberts vendors — his suppliers— for instance Best Electric Supply, October 1983. Best Electric Supply is the vendor — we included parts. General Electric supply Graybar. Southern Electric none.
[Roberts] I consider all of those places electrical supply house distributors.
A: Right and this indicated that you were making purchases from these suppliers.
*463 Q: Is there any particular reason why he [the auditor] wasn’t called?
A: Looking at this case, we did not think it would be necessary for him to be here personally. There is enough documentation in the audit that the Department could present this.
Q: Do you have any documentation that would show that Mr. Roberts purchased any of the materials listed in the audit for his own personal use as opposed to for a government job?
A: You would have to read the contracts.
Q: You didn’t read the contract, I understand?
A: No, the auditor.
As the record reviewed by the Board of Tax Appeals and by the district court judge is devoid of any documents pertaining to the audit, the state’s case rests on the arguments made by its counsel and the meager testimony of its witness quoted above.
We are aware of the presumption in favor of the “legality and regularity” of the acts of public officials. River Cities Co. v. Barnard & Burk, 413 So.2d 666 (La.App. 1st Cir.1982). However, the Department is required to establish a prima facie case for its determination that tax is due. Mc Namara v. Oilfield Const. Co. Inc., 417 So.2d 1311 (La.App. 3rd Cir.1982), writ denied 422 So.2d 157 (La.1982); Sabine Pipe & Supply Co. v. Mc Namara, supra. We find that in the case before us the Department of Revenue and Taxation has failed to do so.
Accordingly, for the reasons assigned above the judgment appealed from is reversed.
REVERSED.

. The pertinent sections of the sales tax statute are as follows:
R.S. 47:302. Imposition of tax
A. There is hereby levied a tax upon the sale at retail, the use, the consumption, the distribution, and the storage for use or consumption in this state, of each item or article of tangible personal property, as defined herein, the levy of said tax to be as follows:
(1) At the rate of two per centum (2%) of the sales price of each item or article of tangible personal property when sold at retail in this state; the tax to be computed on gross sales for the purpose of remitting the amount *461 of tax due the state, and to include each and every retail sale.
Sec. 47:305.29. Exclusions and exemptions; state; certain local political subdivisions
The sales and use taxes imposed by the state of Louisiana under R.S. 47:302 and R.S. 47:321 shall not apply to purchases by the state or any of its agencies, boards, or commissions, school boards, parish and municipal governing authorities, law enforcement districts, parish hospital service districts, and parish and municipal libraries. [Emphasis supplied.]
Definitions of "retail sale” and "tangible personal property" are as follows:
R.S. 47:301(10)(a):
"Retail sale”, or "sale at retail", means a sale to a consumer or to any other person for any purpose other than for resale in the form of tangible personal property, and shall mean and include all such transactions as the collector, upon investigation, finds to be in lieu of sales; provided that sales for resale must be made in strict compliance with the rules and regulations. Any dealer making a sale for resale, which is not in strict compliance with the rules and regulations, shall himself be liable for and pay the tax.
R.S. 47:301(16):
(16) "Tangible personal property” means and includes personal property which may be seen, weighed, measured, felt or touched, or is in any other manner perceptible to the senses. The term "tangible personal property" shall not include stocks, bonds, notes, or other obligations or securities.