539 So.2d 1226 (1989)
BILL ROBERTS, INC.
v.
Shirley McNAMARA, Secretary, Dept. of Revenue and Taxation, State of Louisiana.
No. 88-C-1776.
Supreme Court of Louisiana.
March 13, 1989.
Rehearing Denied April 27, 1989.
*1227 Robert Smith, for applicant.
Richard Michalczyk, Cronvich, Wambsgans & Michalczyk, Metairie, for respondent.
MARCUS, Justice.
On August 29, 1985, following an audit performed by a representative of the Louisiana Department of Revenue and Taxation (department), Bill Roberts, Inc. (corporation), a Louisiana corporation in the business of performing electrical contracting services, was assessed the sum of $38,325.10 in back sales taxes for the period of January 1, 1982 through March 31, 1985.
*1228 The corporation was also assessed for interest and penalties in the amount of $10,936.31 and $9,579.39, respectively, for a total assessment of $58,840.80. The assessment was based upon purchases by the corporation of equipment and supplies to be used in construction contracts with various governmental agencies. The corporation appealed to the Board of Tax Appeals (board) by filing a petition for a redetermination of the assessment pursuant to La. R.S. 47:1431,[1] contending that the final consumers of the supplies and equipment were governmental agencies to which sales tax does not apply or the purchases were made by the corporation as an agent for tax exempt governmental agencies. After due proceedings, the board rendered judgment in favor of the department and against the corporation, dismissing its petition. By motion of the corporation, the judgment of the board was amended to delete the assessment of $9,579.39 in penalties. Thereafter, the corporation sought judicial review of the board's decision in the district court which affirmed the judgment of the board. The corporation suspensively appealed. The court of appeal found that the corporation, not the governmental agencies, was the final consumer of the supplies and equipment and that the corporation was not an agent for the tax exempt agencies. However, it reversed on the ground that the record at the hearing before the board did not support the department's determination that the tax was due.[2] Upon application by the department, we granted certiorari to determine the correctness of that decision.[3]
The issues presented are (1) whether a contractor who purchases equipment and supplies for use on construction contracts with governmental agencies should be liable for sales tax and (2) whether the record supports the department's assessment of the sales tax in the instant case.
The pertinent provisions of the sales tax statutes are as follows:
La.R.S. 47:302(A) provides:
A. There is hereby levied a tax upon the sale at retail, the use, the consumption, the distribution, and the storage for use or consumption in this state, of each item or article of tangible personal property, as defined herein, ...[4]
La.R.S. 47:305.29 provides:
The sales and use taxes imposed by the state of Louisiana under R.S. 47:302 and R.S. 47:321 shall not apply to purchases by the state or any of its agencies, boards, or commissions, school boards, parish and municipal governing authorities, law enforcement districts, parish hospital service districts, and parish and municipal libraries.
William B. Roberts, Jr., president of the corporation, testified before the board that the corporation has been in the business of performing electrical contracts for approximately twenty years and has paid sales tax on the purchase of materials and supplies for all contracts with the exception of those obtained from parish, municipal or state agencies. Roberts and the department agreed that the assessment was based solely on supplies and equipment purchased by the corporation for use on contracts with governmental agencies. Roberts testified that when performing services pursuant to contracts with governmental agencies, the corporation would receive bid forms and purchase orders from the agencies which specifically stated that sales tax was not to be included in the bids or that the agencies were exempt from paying sales tax. When these forms were presented to the wholesalers from whom the supplies were purchased for the projects, the wholesalers did not charge sales tax. The equipment and supplies were usually shipped directly to the project sites. Pursuant to the contracts, the corporation was responsible for installing the materials.
The corporation argues that it does not owe sales tax on these purchases because *1229 the agencies are the final consumers or users of tangible personal property and thus would be responsible for the sales tax but for the exemption under La.R.S. 47:305.29. Alternatively, even if the corporation were the consumer, it was purchasing as an agent for the agencies which are tax exempt entities. In any event, the department is estopped because the corporation relied on statements made by the agencies in bid forms or purchase orders not to include sales tax in its bids.
The contractor or builder of an immovable has been found to be the ultimate consumer of the building materials that go into constructing the immovable. Claiborne Sales Co. v. Collector of Revenue, 233 La. 1061, 99 So.2d 345 (1957); State v. J. Watts Kearney & Sons, 181 La. 554, 160 So. 77 (1934). The equipment and supplies purchased by the contractor are "tangible personal property." La.R.S. 47:301(10) and (16). Therefore, the contractor as the purchaser and consumer of the building materials used in construction of the immovable owes a sales tax on the purchase. Claiborne Sales Co. v. Collector of Revenue, supra; Concordia Parish School Board v. J.A. Russ, 491 So.2d 1368 (La.App. 3d Cir.), writ denied, 496 So.2d 350 (La.1986). In the instant case, Bill Roberts, Inc., as an electrical contractor, was responsible for purchasing electrical supplies and materials and performing the labor on construction projects for governmental agencies. As a result, the corporation was the consumer of the materials and supplies and owed sales tax on the purchases it made.[5]
Next, the corporation contends that it was acting as an "agent" for the governmental entities when it purchased materials and supplies pursuant to their contracts. As agent for the owners, the corporation would be exempt from paying sales tax. The board agreed that if the corporation could establish an agency relationship on behalf of the governmental entities, then the corporation would be exempt from taxation. Exemptions from taxation are to be strictly construed against the person claiming the exemption and they must be clearly and affirmatively established. Cajun Electric Power Cooperative, Inc. v. McNamara, 452 So.2d 212 (La. App. 1st Cir.), writ denied, 458 So.2d 123 (La.1984). In the instant case, the corporation relied solely upon the bid forms and purchase orders to establish an agency relationship between the corporation and the various agencies. The board found the evidence insufficient but left the record open to allow the corporation an opportunity to prove an agency relationship; however, no evidence was ever presented to supplement the record. Accordingly, we agree with the board, as affirmed by the courts below, that the corporation did not prove that its purchases were made as agent for the tax exempt entities.
Lastly, the corporation contends that, relying upon language on invoices and purchase orders stating that the contractor "should not include sales tax in the bids" or that "the state agencies are exempt from taxation," it purchased the materials and supplies without paying sales tax and did not include sales tax in the cost passed on to the agencies. Accordingly, the state is now estopped from assessing back sales taxes on these purchases. In St. Pierre's Fabrication & Welding, Inc. v. McNamara, 495 So.2d 1295 (La.1986), we held that even when erroneous information is given the taxpayer by a department agent, the state may collect the tax provided the language of the statute imposing the tax is clear and unambiguous as applied to the taxpayer. In the instant case, the applicable statutes are clear and unambiguous. La.R.S. 47:302(A) imposes a tax on a sale at retail of tangible personal property. La. R.S. 47:301(10)(a) defines retail sale as a sale to a consumer of tangible personal property. La.R.S. 47:305.29 exempts purchases by parish, municipal and state agencies. As previously found, the corporation was the consumer in the sale at retail under *1230 La.R.S. 47:302(A) and 47:301(10)(a) and the purchases were not tax exempt under La.R.S. 47:305.29. Although the language on the bid forms, invoices or purchase orders may have been misleading, the state is not estopped from collecting back sales taxes against the corporation.
Having concluded that the corporation is liable for sales tax on materials and equipment purchased by it for use on projects for governmental agencies, we must next determine whether the record supports the assessment by the Collector of Revenue against the corporation in the instant case.
Roberts testified before the board that on August 29, 1985, after an audit, he was assessed the sum of $38,325.10 in back taxes and $10,936.31 in interest for the period of January 1, 1982 through March 31, 1985.[6] The auditor had furnished the corporation with a list of over four hundred contracts with various governmental agencies. It was contended that sales tax was due and not paid on purchases made pursuant to these contracts. Roberts introduced into evidence at the hearing before the board several bid forms and purchase orders representative of the over four hundred contracts with the various agencies. He also introduced into evidence the state sales tax return. The parties agreed that the sales tax at issue applied to purchases made pursuant to contracts with tax exempt governmental agencies.
The only evidence produced by the department was the testimony of Ms. Vernita Nelson, a reviewing auditor with the department. She did not perform the audit or produce the audit in evidence. She testified that the auditor reviewed over four hundred contracts and that the auditor's file contains documentation supporting a determination of whether or not taxes were due on sales made pursuant to each contract.
La.R.S. 47:1431 provides:
Whenever a taxpayer is aggrieved by an assessment made by the collector, or by the collector's action or failure to act on a claim for refund or credit of an overpayment, such taxpayer may appeal to the board for a redetermination of the assessment or a determination of the alleged overpayment, by filing a petition with the board within the respective periods set forth in R.S. 47:1565, 47:1566 and 47:1625.
The Board of Tax Appeals was created as an independent agency in the executive branch of state government to act as an appeal board to hear and decide questions of law and fact arising from disputes between taxpayers and the Collector of Revenue when a taxpayer appeals to the board "for a redetermination of the assessment or a determination of the alleged overpayment." The board shall in each case heard by it "make findings of fact and make and file a written decision or judgment thereon." La.R.S. 47:1410. Judicial review by the district court of decisions of the board is afforded by La.R.S. 47:1434 which provides that "the original transcript of the record, together with all exhibits and evidence thereto attached ... shall be the basis for any action on review and the decision of the district court shall be rendered upon the said record as made up before the board."
In the instant case, Bill Roberts, Inc., as taxpayer, and after having been assessed by the department for back sales taxes, sought a "redetermination of the assessment" before the board. The department did not introduce in evidence the audit, the contracts which were reviewed during the audit, the official notice to the taxpayer of the collector's determination of the tax,[7] or the assessment.[8] The testimony of Ms. Nelson, a reviewing auditor in the department, did not mention the *1231 amount of the assessment.[9] Thus, the record was devoid of evidence establishing the correctness of the amount of the assessment against the corporation. We are aware that the corporation did not contest the amount of the assessment at the hearing but only the fact that it owed any sales tax on materials and supplies purchased pursuant to contracts with tax exempt agencies. Nonetheless, the department was obligated to furnish sufficient evidence to establish the correctness of the assessment. Under ordinary circumstances, we would affirm the judgment of the court of appeal finding that the record did not support the department's determination that the tax was due. However, since the amount of the assessment was not at issue at the hearing before the board, we consider that the fair and proper action under the circumstances is to remand the case to the board to afford the department an opportunity to present evidence to support the assessment against Bill Roberts, Inc. La. Code Civ.P. art. 2164.

DECREE
For the reasons assigned, the judgment of the court of appeal is reversed and the case is remanded to the Board of Tax Appeals for further proceedings consistent with our views expressed herein.
LEMMON, J., dissented, assigned reasons and would grant rehearing.

ON REHEARING
CALOGERO, Justice, concurring in the rehearing denial.
I concur in the denial of rehearing, although I am now inclined to believe that we may have erred on original hearing by remanding the case to the Board of Tax Appeals for a new hearing. Instead of a remand, we probably should have reinstated the district court's judgment in favor of the Secretary (and against plaintiff, the taxpayer), for the amount of the assessment, for the following reasons.
The only issue which the plaintiff raised before the Board was the applicability of the exemption contained in La.R.S. 47:305.29. He did not challenge the amount of the assessment. After the Board ruled against the plaintiff on that issue, plaintiff sought review of that ruling by the district court, pursuant to the procedure set forth by La.R.S. 47:1431-1438. La.R.S. 47:1434 provides that when the taxpayer seeks judicial review of a Board decision in the district court, he must file a petition "setting forth specifically any errors which may have *1232 been committed by the board in reaching its decision or judgment." When plaintiff sought review from the district court in this case, it raised only the issue of the applicability of the exemption. See plaintiff's Petition for Judicial Review, R. at 2-5. Plaintiff did not challenge the amount of the assessment (in the district court), or argue that the State presented insufficient evidence of the amount due at the hearing before the Board.
That being the case, the district court ruled on the only issue presented to it for review, the applicability or non-applicability of the exemption. Therefore, the court of appeal probably erred when it reversed the trial court's judgment on a legal ground that was not assigned as error by the taxpayer to the trial court as required by La.R.S. 47:1434.[1] Consequently, this Court should have reversed the court of appeal's judgment and reinstated the trial court's judgment.[2]
However, the state has not applied for rehearing. It is therefore not entitled to have our judgment on original hearing modified in its favor.[3]
The only rehearing application before us was filed by the plaintiff taxpayer, who urges that the State is not entitled to a second chance on remand to present evidence to support the assessment. For the same reasons noted above which prompt me to conclude that the State was probably entitled to more relief than it actually received in our Court on original hearing (i.e., a judgment in its favor for the amount of the tax, as opposed to a remand for further evidence), I am of the view that the State, at the least, is entitled to another opportunity to present evidence. For that reason I agree that plaintiff's application for rehearing should be denied.
NOTES
[1] See Part II, Appeals for Redetermination of Assessment or for Determination of Overpayment, La.R.S. 47:1431-1438.
[2] 527 So.2d 459 (La.App. 5th Cir.1988).
[3] 532 So.2d 138 (La.1988).
[4] Definitions of "sale at retail" and "tangible personal property" are as follows:

La.R.S. 47:301(10)(a) provides:
"Retail sale", or "sale at retail", means a sale to a consumer or to any other person for any purpose other than for resale in the form of tangible personal property, and shall mean and include all such transactions as the collector, upon investigation, finds to be in lieu of sales; provided that sales for resale must be made in strict compliance with the rules and regulations. Any dealer making a sale for resale, which is not in strict compliance with the rules and regulations, shall himself be liable for and pay the tax.
La.R.S. 47:301(16) provides in pertinent part:
"Tangible personal property" means and includes personal property which may be seen, weighed, measured, felt or touched, or is in any other manner perceptible to the senses.
[5] La.R.S. 47:304(A) provides in pertinent part that "[t]he tax levied ... shall be collected by the dealer from the purchaser or consumer...." La.R.S. 47:304(E) states that "[a]ny dealer who fails, neglects, or refuses to collect the tax herein provided ... shall in addition to the penalty of being liable for and paying the tax himself, be fined not more than one hundred dollars, or imprisoned for not more than three months, or both." The corporation contends that the department should collect the sales tax from the wholesalers or suppliers (dealers), not from the corporation as the consumer. Although the dealers/wholesalers may also be liable for payment of the tax pursuant to La.R.S. 47:304(A), the state is not precluded from proceeding against the purchaser when the seller either neglects, fails or refuses to collect the tax. McNamara v. Oilfield Construction Co., Inc., 417 So.2d 1311 (La.App. 3d Cir.), writ denied, 422 So.2d 157 (La.1982); Collector of Revenue v. J.L. Richardson Co., 247 So.2d 151 (La.App. 4th Cir.), writ denied, 258 La. 915, 248 So.2d 586 (1971). Accordingly, there is no merit to this contention.
[6] As previously noted, $9,579.39 in penalties was later deleted from the assessment.
[7] La.R.S. 47:1562 provides:

If a taxpayer fails to make and file any return or report required by the provisions of this Sub-title, or if the return or report made and filed does not correctly compute the liability of said taxpayer, the collector shall cause an audit, investigation or examination to be made to determine the tax, penalty and interest due, or he shall determine the tax, penalty and interest due by estimate or otherwise. Having determined the amount of tax, penalty and interest due, the collector shall send by mail a notice to the taxpayer at the address given in the last report filed by him pursuant to the provisions of the Chapter governing the tax involved, or if no report has been filed, to any address that may be obtainable, setting out his determination and informing the person of his purpose to assess the amount so determined against him after fifteen calendar days from the date of the notice.
[8] La.R.S. 47:1564 provides:

At the expiration of fifteen calendar days from the date of the collector's notice provided in R.S. 47:1562, or at the expiration of such time as may be necessary for the collector to consider any protest filed to such notice the collector shall proceed to assess the tax, penalty and interest that he determines to be due under the provisions of any Chapter of this Subtitle. The assessment shall be evidenced by a writing in any form suitable to the collector, which sets forth the name of the taxpayer, the amount determined to be due, the kind of tax, and the taxable period for which it is due. This writing shall be retained as a part of the collector's official records. The assessment may confirm or modify the collector's originally proposed assessment.
[9] Ms. Vernita Nelson, the department's witness, testified regarding the audit as follows:

Q: Did you do that audit?
A: No, I did not perform the audit, I reviewed the audit and there is documentation in the file that indicates what the auditor had to do to make the determinationwhether or not taxes was due.
Q: Did she review all of the contracts?
A: The contracts was reviewed. In audit of a contract, the first thing that the auditor would have to do is review all contracts to determine exactly what has happened here or what transaction is to be performed.
. . . .
Q: ... Ms. Nelson, in review of the audit, did the auditor include in his assessment purely sales transactions between Mr. Roberts and the government agency?
A: The audit schedule indicates that a sales transaction between Mr. Roberts, vendor and Mr. Roberts. [sic] In this audit, it's all vendors, it's not the governmental agency.
Q: Mr. Roberts is the vendor, did you say?
A: Mr. Roberts vendorshis suppliersfor instance Best Electric Supply, October 1983. Best Electric Supply is the vendorwe included parts. General Electric supply Graybar. Southern Electric none.
[Roberts] I consider all of those places electric supply house distributors.
A: Right and this indicated that you were making purchases from these suppliers.
. . . .
Q: Is there any particular reason why he [the auditor] wasn't called?
A: Looking at this case, we did not think it would be necessary for him to be here personally. There is enough documentation in the audit that the Department could present this.
Q: Do you have documentation that would show that Mr. Roberts purchased any of the materials listed in the audit for his own personal use as opposed to for a government job?
A: You would have to read the contracts.
Q: You didn't read the contract, I understand?
A: No, the auditor.
[1] Incidentally, the taxpayer apparently did not raise the sufficiency of the evidence issue before the court of appeal either, as all seven assignments of error in its appellate brief pertained to the exemption issue. Nevertheless, the court of appeal gave plaintiff relief on the ground that the evidence was insufficient to support the assessment. Even if the issue had been raised (for the first time) in the court of appeal, the court of appeal probably should have ruled that it could not consider an issue not raised before the trial court, because of the requirements of La.R.S. 47:1434. Or, even if the court of appeal had the discretionary right to review the whole case and attempt to do justice between the parties, it probably should have ruled that it would not consider the issue for the good reason that if the plaintiff had a valid complaint as to the amount assessed, it would have raised that issue before the Board or the district court.
[2] Since the court of appeal rendered judgment entirely in the taxpayer's favor (reversing the assessment), the taxpayer had no need to file a protective writ application to this Court in order to preserve its alternative argument that the result reached by the court of appeal was correct because the exemption applies. See Logan v. Louisiana Dock Co., 541 So.2d 182 (La.1989) (on rehearing). However, as the majority decided on original hearing that the exemption does not apply, the taxpayer cannot complain that it did not have the opportunity to be heard in this Court on that issue.
[3] As a practical matter, no great injury will result from the fact that the State will be compelled on remand to prove the basis for the amount of the assessment. Fairness suggests that the taxpayer should not have to pay the tax unless the underlying basis thereof is adequately proven by the State.