Dear Senator Campbell:
You have requested the opinion of this office regarding the exemption of video poker machines from taxation by state and local governmental entities. Your letter refers to R.S. 33:4862.14, which states:
 "Video draw poker devices or similar devices licensed and permitted pursuant to this Part are exempt from taxes, fees, and licensing restrictions imposed by any governmental entity, except that a local governing authority may levy an occupational license tax on the operation of video draw poker devices within the jurisdiction in an amount not to exceed fifty dollars per device."
In connection with your request, you enumerated a number of activities, and requested our opinion as to each activity.
Before addressing each individual activity, we must first advise that it is our opinion that R.S. 33:4862.14 does not exempt video poker machines from state taxes. R.S. 33:4862.14 is entitled "Preemption of local laws and taxes". The placement of this exemption under this title suggests that the Legislature intended for the exemption to apply only to local taxes and fees. If the Legislature had intended to create an exemption from state taxes, it could have placed an exemption within R.S.47:305, and other statutes pertaining to taxation. As stated in State ex. rel. Thompson v. Department of City Civil Service,38 So.2d 385, (La. 1948) "though a title is no part of a statute, the title may be considered in determining legislative intent where doubt exists". We are also guided by Bill Roberts, Inc. v. McNamara, 539 So.2d 1226, (La. 1989), which states: "Exemptions from taxation are to be strictly construed against the person claiming [the exemption] and must be clearly and affirmatively established."
We also note that R.S. 33:4862.14 is contained within Part V-B of Chapter 14 of Title 33, which part was enacted pursuant to Act No. 1062 of 1991. In addition to enacting R.S. 33:4862.14, Act 1062 created an entire regulatory scheme pertaining to these devices. Act 1062 gave extensive regulatory authority to the Department of Public Safety and Corrections, and provided for the payment of fees to the Department in connection with that regulatory scheme. If R.S. 33:4862.14 were to be construed as exempting state fees and licenses, the statute would be inconsistent with that regulatory scheme. We do not believe that this was the legislature's intent.
In regard to the specific activities referred to in your request, we note that R.S. 33:4862.14 refers to the actual machines and devices, and the operation thereof. The provision does not specifically exempt the repair and service of video poker machines. In accordance with the Bill Roberts decision cited above, an exemption from taxation must be clearly and affirmatively established. As such, it is our opinion that the servicing and repair of video draw poker machines and similar devices are not exempt from the taxes, fees and licensing restrictions of local governmental entities.
It is our further opinion that R.S. 33:4862.14 does exempt the following activities from the taxes, fees, and licensing restrictions of all local governmental entities, other than occupational license taxes imposed by local governing authorities on the operation of the devices:
 Purchase of video poker machines by dealers for resale or lease to permitted and license operators.
 Sale or lease of video poker machines to permitted and licensed operators.
 Operation of video poker machines by permitted and licensed operators, including cost of labor and supplies.
Trusting this adequately responds to your request, I remain,
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JEANNE-MARIE ZERINGUE Assistant Attorney General
RPI:JMZ:jav 0152n