SAUNDERS, Judge.
The Department of Revenue and Taxation (hereinafter referred to as the “Department”), defendant-appellant herein, assessed Amberg Trucking, Inc. (hereinafter referred to as “Amberg”), plaintiff-appellee herein, for Louisiana general sales tax in the amount of $30,694.16, together with interest for the period of January 1987 through December 1990. This assessment was related to Am-berg’s purchases of sand and gravel used to construct roads in the Kisatchie National Forest, a federally owned and operated tract of land within the boundaries of the State of Louisiana.
Amberg timely protested the proposed assessment to the Board of Tax Appeals, which rendered judgment in favor of the Department for the total amount of the assessment. Pursuant to LSA-R.S. 47:1431, et seq., Am-berg timely sought and perfected a Petition for Review to the 35th Judicial District Court in Grant Parish, Louisiana, which issued judgment in favor of Amberg, reversing the decision of the Board of Tax Appeals. It is from this decision that the Department appeals. We reverse the judgment of the trial court and reinstate the judgment of the Board of Tax Appeals.

FACTS

An audit for the period of January 1, 1987, through December 31, 1990, prompted the Department to assess Amberg $30,694.16 for delinquent sales taxes together with interest. The majority of the assessment is related to Amberg’s purchase of supplies used to perform contracts for the construction of logging roads.
Amberg routinely derives revenue constructing logging roads for timber companies *513 and the U.S. Forest Service. Amberg purchases its materials, such as rock and gravel, from different suppliers. One of these suppliers, Winn-Rock, sold materials to Amberg without collecting or charging Louisiana general sales tax for the materials Amberg purchased to construct roads on national forest property. Amberg allegedly failed to pay the tax because it relied on the representations of Winn-Rock personnel that the transactions were tax free. Amberg agrees that a sales tax is owed on these transactions, but argues that only Winn-Rock as the alleged “dealer” is statutorily liable for the tax it failed to collect. In the alternative, Amberg maintains that the Department should be bound by the representations of Winn-Rock, the state’s alleged “agent,” that the transactions under consideration were non-taxable sales.
The Department asserts that both of Aim-berg’s allegations are legally incorrect and unsupported by statute and the applicable jurisprudence. The Department’s position is that a sales tax on these purchases is due because as a contractor Amberg is considered the end user of tangible personal property sold in the state, and the state had the option of pursuing the taxes from either Winn-Rock or Amberg.

DISCUSSION

The issues presented are: (1) whether a contractor who purchases supplies for use on construction contracts with governmental agencies is liable for sales tax; and, (2) whether it is possible for a wholesale “dealer” to waive or forgive such taxes owed the state.
The trial court reversed the decision of the Board of Tax Appeals and rendered judgment in favor of plaintiff-appellee, Amberg Trucking, Inc. In its Reasons for Judgment, the trial court found that only Winn-Rock (as vendor of the construction materials) is the party responsible for the tax because only it and not Amberg (as purchaser) falls within the statutory definition of “Dealer.”
LSA-R.S. 47:302(A) provides:
“A. There is hereby levied a tax upon the sale at retail, the use, the consumption, the distribution, and the storage for use or consumption in this state, of each item or article of tangible personal property, as defined herein....”
LSA-R.S. 47:301(10)(a)(i) defines “sale at retail” to be a sale to a consumer or to any other person for any purpose other than for resale in the form of tangible personal property. “Tangible” personal property means that which can be seen, weighed, measured, felt or touched, or is in any other manner perceptible to the senses. LSA-R.S. 47:301(16). LSA-R.S. 47:304(A) provides, in pertinent part, that “[t]he tax levied ... shall be collected by the dealer from the purchaser or consumer_” Finally, the following extract is contained in LSA-R.S. 47:304(C): “Any dealer who neglects, fails or refuses to collect the tax herein provided, shall be liable for and pay the tax himself.”
Relying on LSA-R.S. 47:304(A) and (C), the trial court incorrectly held that the state’s exclusive relief lies in an action against vendor-dealer, Winn-Rock. We are not the first court to reject this interpretation of the law.
“The provision placing the responsibility on the seller or dealer to collect the tax from the purchaser does not preclude the State from proceeding against the purchaser. The tax is due to the State at the time that the sale is consummated; and if the seller fails to collect this tax, the State has a right to proceed directly against the purchaser.”
Collector of Revenue v. J.L. Richardson Company, 247 So.2d 151, 157 (La.App. 4th Cir.), writ refused, 258 La. 915, 248 So.2d 586 (1971). In accord, Bill Roberts, Inc. v. McNamara, infra, n. 5; United Companies Printing v. Baton Rouge, 569 So.2d 186 (La.App. 1st Cir.1990), writs denied, 572 So.2d 73 (La.1991); McNamara v. Oilfield Construction Company, Inc., 417 So.2d 1311, 1314 (La.App. 3d Cir.), writ denied, 422 So.2d 157 (La.1982). Accordingly, there can be no doubt that the road contractor, Amberg, should be held liable for sales taxes in the absence of some heretofore unrecognized exception to the rule. Concerning an electrical contractor working on a state project, our Supreme Court had this to say:
*514 “The contractor or builder of an immovable has been found to be the ultimate consumer of the building materials that go into constructing the immovable. Claiborne Sales Co. v. Collector of Revenue, 233 La. 1061, 99 So.2d 345 (1957); State v. J. Watts Kearny & Sons, 181 La. 554, 160 So. 77 (1934). The equipment and supplies purchased by the contractor are ‘tangible personal property.’ La.R.S. 47:301(10) and (16). Therefore, the contractor as the purchaser and consumer of the building materials used in construction of the immovable owes a sales tax on the purchase. Claiborne Sales Co. v. Collector of Revenue, supra; Concordia Parish School Board v. J.A. Russ, 491 So.2d 1368 (La.App. 3d Cir.), writ denied, 496 So.2d 350 (La.1986). In the instant case, Bill Roberts, Inc., as an electrical contractor, was responsible for purchasing electri-cál supplies and materials and performing the labor on construction projects for governmental agencies. As a result, the corporation was the consumer of the materials and supplies and owed sales tax on the purchases it made.”
Bill Roberts, Inc. v. McNamara, 539 So.2d 1226, 1229 (La.1989). We see no basis to distinguish the present case. Amberg, a road contractor, was responsible for purchasing materials and performing the labor on construction projects let by non-exempt governmental or private entities. As a result, the corporation was a consumer of the materials and supplies and owed sales tax on the purchases it made.
As to the second issue, Amberg contends that the state is precluded by Winn-Rock’s representations that sales taxes were not due on the purchases. We disagree.
Exemptions from taxation are to be strictly construed against the person claiming the exemption and they must be clearly and affirmatively established. Bill Roberts, Inc., supra, citing Cajun Electric Power Cooperative, Inc. v. McNamara, 452 So.2d 212 (La.App. 1st Cir.), writ denied, 458 So.2d 123 (La.1984). Moreover, the failure of public officers charged with the public duty to enforce statutory and constitutional provisions with respect to the levy and collection of taxes should not be permitted to inhibit correct administration of the law or be construed to estop more diligent public officers from performing their duty by bringing in revenue from proper subjects of taxation. Claiborne Sales Company v. Collector of Revenue, 233 La. 1061, 99 So.2d 345, 347 (1957). For these reasons, while we are unable to say at this time that a contractor engaged in a state construction project will never be able to raise the defense under any circumstances when it is misinformed by official state bid information, we cannot envision such a defense arising from representations by a party not specifically charged with that authority, or concerning a project not performed in behalf of a tax exempt state or local political subdivision (as defined by LSA-R.S. 47:305.29).
In this case, Winn-Rock had no authority to bind the state, and the contract was not performed in behalf of a statutorily exempt entity. LSA-R.S. 47:306(A)(5) statutorily defines Winn-Rock’s very limited “agency” this way: “For the purpose of collecting and remitting to the state the tax imposed by this Chapter, the dealer is hereby declared to be the agent of the state.” Nowhere is the state’s authority to forgive taxes delegated to “dealers,” be they sellers or purchasers of materials used by contractors in fulfilling works projects.[1]
“In the instant case, the applicable statutes are clear and unambiguous. La.R.S. 47:302(A) imposes a tax on a sale at retail of tangible personal property. La.R.S. 47:301(10)(a) defines retail sale as a sale to a consumer of tangible personal property. La.R.S. 47:305.29 exempts purchases by parish, municipal and state agencies. As previously found, the corporation was the consumer in the sale at retail under La.R.S. 47:302(A) *515 and 47:301(10)(a) and the purchases were not tax exempt under La.R.S. 47:305.29.”
Bill Roberts, Inc., supra, at 1229-1230. Because the language of the statute imposing the tax is clear and unambiguous as applied to the taxpayer, the state may collect the tax. Bill Roberts, Inc., supra; St. Pierre’s Fabrication and Welding, Inc. v. McNamara, 495 So.2d 1295 (La.1986) (sales tax collectible notwithstanding reliance on statements to contrary by long-time employee of Department of Revenue and Taxation); Louisiana Power & Light Co. v. McNamara, 550 So.2d 1845 (La.App. 1st Cir.1989), writ denied, 559 So.2d 120 (La.1990). Winn-Rock was not empowered by statute to waive taxes due the state. We are therefore obliged to hold Am-berg accountable for the tax arrearages arising from their purchases of supplies used in the construction of the roads built on National Forest property. Amberg’s reliance on Southland Oil Co. v. Jenkins Bros. Asphalt Company, Inc., 563 So.2d 1238 (La.App. 1st Cir.), writ denied, 568 So.2d 1054 (La.1990), is misplaced insofar as that case concerns whether principles of subrogation and/or indemnity apply to afford the vendor as dealer relief from the purchaser when it (the vendor) pays sales taxes, a question not before us.

CONCLUSION

For the foregoing reasons, we reverse the judgment of the trial court and reinstate the decision of the Board of Tax Appeals rendered February 28, 1991.

DECREE

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that there be judgment in favor of Leon R. Tarver, II, Secretary of the Department of Revenue and Taxation, State of Louisiana, defendant-appellant herein, and against Amberg Trucking, Inc., plaintiff-appellee herein, assessing Louisiana general sales tax in the amount of $30,694.16, together with statutory interest from date of assessment, October 17, 1990, until paid.
Costs of this appeal and in the Thirty-fifth Judicial District Court and of the Board of Tax Appeal are cast against plaintiff-appel-lee, Amberg Trucking, Inc.
REVERSED AND RENDERED.

. "Agency” as used in this context differs markedly from the Civil Code concept of mandate with which we commonly associate the term "agency.” In the private law codal'context, the agency must not only be lawful, LSA-C.C. art. 2987, but the power to compromise must be specifically expressed. LSA-C.C. art. 2992.