465 So.2d 93 (1985)
ST. CHARLES PARISH SCHOOL BOARD, et al.
v.
LOUISIANA POWER AND LIGHT CO., et al.
No. 84-CA-276.
Court of Appeal of Louisiana, Fifth Circuit.
February 11, 1985.
Writ Denied April 12, 1985.
*94 Chapman L. Sanford, Cangelosi & Sanford, Baton Rouge, for plaintiffs-appellants.
Andrew P. Carter, Eugene G. Taggart, J. Wayne Anderson, John H. Turner, Jr., Monroe & Lemann, New Orleans, for defendants-appellees.
Before BOWES, GAUDIN and GRISBAUM, JJ.
BOWES, Judge.
Nuclear power generating facilities are new to this state and, as far as we can determine, no litigation involving sales and use taxes on nuclear fuels has been reported.
Plaintiffs appeal the judgment of the district court dismissing their "Rule for Taxes" filed February 10, 1984, and ordering plaintiffs to accept under protest the taxes allegedly due. We affirm the trial court's ruling.
This action originated as a rule for taxes filed by the St. Charles Parish School Board under authority of tax ordinances adopted by the School Board and the St. Charles Parish Police Jury pursuant to provisions of Louisiana Constitution of 1974, Article 6, Section 29.[1] The rule was filed via summary procedure as authorized by La.R.S. 33:2841[2] and La.R.S. 47:1574.[3]
*95 After service of the rule, the defendant tax debtors attempted to pay the amount sought in the rule. Appellees sought to tender the funds under protest, seeking to use the procedures authorized by La.R.S. 47:1576.[4]
*96 The school board declined to accept the payment citing the provisions of R.S. 47:1561[5] which prohibits the payment under protest and suit for recovery once a "suit" is pending against the tax debtor.
The defendant-appellees moved to dismiss the summary action filed by plaintiff-appellants on the grounds of a constitutional and statutory right to pay under protest. From the colloquy at the hearing, it was unclear if any statute or ordinance was ruled unconstitutional by the trial judge. Accordingly, plaintiffs sought to appeal the case directly to the Louisiana Supreme Court, being under the impression that "The District Court held that the provisions of R.S. 47:1561 and the use of summary procedure as provided by R.S. 47:1571 unconstitutional if it restricted the `right' to pay under protest and sue for recovery." The Supreme Court transferred the case to this court, without comment, and without giving any ruling regarding constitutionality or any other subject. For this reason, we feel that the Supreme Court was of the opinion that the trial court made no ruling on constitutionality. We, likewise, feel that there was no such ruling by the trial court. The judgment signed by the trial judge does not address the constitutionality of any statute or ordinance. What is abundantly clear is that the district court dismissed the action by the School Board and ordered it to accept payment under protest.
In this case, plaintiffs filed a rule to show cause, seeking an order from the court directing the defendants to pay to St. Charles Parish School Board the following amounts:

 Tax $1,500,000.00
 Interest as imposed by Section
 9.30 as amended of Tax
 Ordinance $ 12% per annum
 from 3/31/83 thru 1/31/84 150,000.00
 Penalty $ 1¼ per month from
 03/31/83 thru 01/31/84 as
 imposed by R.S. 33:2746- 187,500.00
 25% penalty, failure to report 375,000.00
 5% Negligence penalty 75,000.00
 TOTAL tax penalty & interest $2,287,000.00

Plus additional interest on $1,500,000.00 from February 1, 1984, at the rate of twelve percent (12%) per annum as imposed in Section 9.03 at the Tax Ordinance plus penalty at the rate of one and one-fourth percent (1¼) per month as imposed by R.S. 33:2746 from February 1, 1984, until paid and ten percent (10%) of the entire amount due as attorney's fee.
Defendants sought no ruling on the constitutionality of the parish tax ordinances upon which plaintiffs' tax claim was based; neither did they seek a ruling on the validity of any other statute. No question was raised as to whether defendants' transaction was exempt from the taxes plaintiffs claimed were due.
Defendants, when served, did not deny the tax was owed by them, but rather attempted to tender $2,516,250.00 (being *97 the total tax, penalty and interest, plus additional interest prayed for) to plaintiffs in satisfaction of the rule. When plaintiffs refused tender of the disputed amount, appellees, Louisiana Power and Light Co. (L.P. & L.) and Combustion Engineering (C.E.) filed a motion to dismiss the rule for taxes (a summary proceeding) on the basis that a taxpayer is entitled to pay the amount the taxing authority alleges is due under protest and then, within thirty days, institute a suit (via ordinary process) to recover said payment. See LSA R.S. 47:15764 and Section 11.01[6] of the tax ordinances in question.
Black's Law Dictionary, 5th Edition, 1979, at page 1195 defines "Rule" as "[a]n order made by a court, at the instance of one of the parties to a suit, commanding a ministerial officer, or the opposite party, to do some act, or to show cause why some act should not be done. It is usually upon some interlocutory matter." The same source states that a "show cause order" is "[a]n order, decree, execution, etc., to appear as directed, and present to the court such reasons and considerations as one has to offer why a particular order, decree, etc., should not be confirmed, take effect, be executed, or as the case may be."
We are of the opinion that a rule (to show cause) is not a "suit" as contemplated by L.S.A.R.S. 47:1561. Referring once again to Black, supra, we find the "[t]erm `suit' has generally been replaced by [the] term `action'." Action is defined as "[a]n ordinary proceeding in a court of justice by which one party prosecutes another for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense." (emphasis ours). Also, La.C.C.P. art. 963 states, "The rule to show cause is a contradictory motion." (emphasis supplied). It is evident that the defendant's tender of the more than two million dollars that plaintiffs alleged were due satisfied the rule and rendered it moot. Accordingly, the trial judge had no recourse but to dismiss the action.
Finally, we note that the State constitution, the revised statutes, and the parish tax ordinance all specifically afford a taxpayer his day in court. La.R.S. 47:1576 specifically provides "a legal remedy and right of action in any state court having jurisdiction [over] ... the parties and subject matter for a full and complete adjudication of any and all questions arising ... as to the legality of tax accrued or accruing or the method of enforcement thereof."
It is a well-established rule of law that tax statutes shall be interpreted liberally in favor of the taxpayer, and, if the statute can reasonably be interpreted more than one way, the interpretation less onerous to the taxpayer shall be adopted. State v. Standard Oil Co. of Louisiana, 188 La. 978, 178 So. 601 (1937), Rehearing Denied.
Therefore, for the reasons stated above, we affirm the judgment of the district court. Each party is to bear its own costs in this appeal.
AFFIRMED.
NOTES
[1] LOUISIANA CONSTITUTION OF 1974, Article 6, Section 29 is as follows:

"(A) Sales Tax Authorized. Except as otherwise authorized in a home rule charter as provided for in Section 4 of this Article, the governing authority of any local governmental subdivision or school board may levy and collect a tax upon the sale at retail, the use, the lease or rental, the consumption, and the storage for use or consumption, of tangible personal property and on sales of services as defined by law, if approved by a majority of the electors voting thereon in an election held for that purpose. The rate thereof, when combined with the rate of all other sales and use taxes, exclusive of state sales and use taxes, levied and collected within any local governmental subdivision, shall not exceed three percent.
(B) Additional Sales Tax Authorized. However, the legislature, by general or by local or special law, may authorize the imposition of additional sales and use taxes by local governmental subdivisions or school boards, if approved by a majority of the electors voting thereon in an election held for that purpose.
(C) Bonds; Security. Nothing in this Section shall affect any sales or use tax authorized or imposed on the effective date of this constitution or affect or impair the security of any bonds payable from the proceeds of the tax.
(D) Exemptions; Protection of Bonds. Except when bonds secured thereby have been authorized, the legislature by law may uniformly exempt or exclude any goods, tangible personal property, or services from sales or use taxes levied by local governmental subdivisions, school boards, and the state."
LOUISIANA CONSTITUTION OF 1974, ARTICLE 6, SECTION 30 is as follows:
"A political subdivision may exercise the power of taxation, subject to limitations elsewhere provided by this constitution, under authority granted by the legislature for parish, municipal, and other local purposes, strictly public in their nature. This Section shall not affect similar grants to political subdivisions under self-operative sections of this constitution."
LOUISIANA CONSTITUTION OF 1974, ARTICLE 7, SECTION 3 is as follows:
"The legislature shall prohibit the issuance of process to restrain the collection of any tax. It shall provide a complete and adequate remedy for the prompt recovery of an illegal tax paid by a taxpayer."
[2] R.S. 33:2841:

"A political corporation may through the officer whose duty it is to receive and collect the taxes and moneys due the corporation, enforce the collection of any taxes due to it, within the time and in the manner provided for the collection of taxes due to the state."
[3] R.S. 47:1574:

"In addition to any other procedure provided in this Sub-title or elsewhere in the laws of this state; and for the purpose of facilitating and expediting the determination and trial of all claims for taxes, penalties, interest, attorney fees, or other costs and charges arising under this Sub-title, there is hereby provided a summary proceeding for the hearing and determination of all claims by or on behalf of the state, or by or on behalf of the collector, for taxes, excises, and licenses and for the penalties, interest, attorney fees, costs or other charges due thereon, by preference in all courts, all as follows:
(1) All such proceedings, whether original or by intervention or third opposition, or otherwise, brought by or on behalf of the state, or by or on behalf of the collector, for the determination or collection of any tax, excise, license, interest, penalty, attorney fees, costs or other charge, claimed to be due under any provision of this Sub-title, shall be summary and shall always be tried or heard by preference, in all courts, original and appellate, whether in or out of term time, and either in open court or chambers, at such time as may be fixed by the court, which shall be not less than two nor more than ten days after notice to the defendant or opposing party.
(2) All defenses, whether by exception or to the merits, made or intended to be made to any such claim, must be presented at one time and filed in the court of original jurisdiction prior to the time fixed for the hearing, and no court shall consider any defense unless so presented and filed. This provision shall be construed to deny to any court the right to extend the time for pleading defenses; and no continuance shall be granted by any court to any defendant except for legal grounds set forth in the Louisiana Code of Practice.
(3) That all matters involving any such claim shall be decided within forty-eight hours after submission, whether in term time or in vacation, and whether in the court of first instance or in an appellate court; and all judgments sustaining any such claim shall be rendered and signed the same day, and shall become final and executory on the fifth calendar day after rendition. No new trial, rehearing or devolutive appeal shall be allowed. Suspensive appeals may be granted, but must be perfected within five calendar days from the rendition of the judgment by giving of bond, with good and solvent security, in a sum double that of the total amount of the judgment, including costs. Such appeals, whether to a court of appeals or to the Supreme Court, shall be made returnable in not more than fifteen calendar days from the rendition of the judgment.
(4) Whenever the pleadings filed on behalf of the state, or on behalf of the collector, shall be accompanied by an affidavit of the collector or of one of his assistants or representatives or of the counsel or attorney filing the same, that the facts as alleged are true to the best of the affiant's knowledge or belief, all of the facts alleged in said pleadings shall be accepted as prima facie true and as constituting a prima facie case, and the burden of proof to establish anything to the contrary shall rest wholly on the defendant or opposing party."
[4] R.S. 47:1576:

"A. Any taxpayer protesting the payment of any amount found due by the secretary of the Department of Revenue and Taxation, or the enforcement of any provision of the tax laws in relation thereto, shall remit to the Department of Revenue and Taxation the amount due and at that time shall give notice of intention to file suit for the recovery of such tax. Upon receipt of this notice, the amount remitted shall be placed in an escrow account and held by the secretary or his duly authorized representative for a period of thirty days. If suit is filed for recovery of the tax within the thirty-day period, the funds in the escrow account shall be further held pending the outcome of the suit. If the taxpayer prevails, the secretary shall refund the amount to the claimant, with interest at the rate of one and one-quarter percent per month from the date the funds were received by the Department of Revenue and Taxation to the date of such refund.
B. This Section shall afford a legal remedy and right of action in any state court having jurisdiction of the parties and subject matter, for a full and complete adjudication of any and all questions arising in the enforcement of this Subtitle as to the legality of any tax accrued or accruing or the method of enforcement thereof. In such action, service of process upon the secretary shall be sufficient service, and he shall be the sole necessary and proper party defendant in any such suit.
C. This Section shall be construed to provide a legal remedy in the state courts in case such taxes are claimed to be an unlawful burden upon interstate commerce or the collection thereof, in violation of any Act of Congress or the United States Constitution, or the Constitution of Louisiana.
D. Upon request of a taxpayer and upon proper showing by such taxpayer that the principle of law involved in an additional assessment is already pending before the courts for judicial determination, the taxpayer, upon agreement to abide by the decision of the courts may remit the additional assessment under protest, but need not file an additional suit. In such cases, the tax so paid under protest shall be placed in an escrow account and held by the secretary until the question of law involved has been determined by the courts and shall then be disposed of as therein provided."
[5] R.S. 47:1561:

"In addition to following any of the special remedies provided in the various chapters of this subtitle, the collector may, in his discretion, proceed to enforce the collection of any taxes due under this subtitle by means of any of the following alternative remedies or procedures:
(1) Assessment and distraint, as provided in R.S. 47:1562 through 47:1573.
(2) Summary court proceeding, as provided in R.S. 47:1574.
(3) Ordinary suit under the provisions of the general laws regulating actions for the enforcement of obligations.
The collector may choose which of these procedures he will pursue in each case, and the counter-remedies and delays to which the taxpayer will be entitled will be only those which are not inconsistent with the proceeding initiated by the collector, provided that in every case the taxpayer shall be entitled to proceed under R.S. 47:1576 except (a) after he has filed a petition with the board of tax appeals for a redetermination of the assessment, or (b) when an assessment for the tax in question has become final or (c) when a suit involving the same tax obligation is pending against him; and provided further, that the fact that the collector has initiated proceedings under the assessment and distraint procedure will not preclude him from thereafter proceeding by summary or ordinary court proceedings for the enforcement of the same tax obligation."
[6] Ordinance 11.01:

"A right of action is hereby created to afford a remedy at law for any dealer aggrieved by the provisions of this ordinance; and in case of any such dealer resisting the payment of any amount found due, or the enforcement of any provisions of such laws in relation thereto, such dealer shall pay the amount found due by the Collector and shall give the Collector notice, at the time, of his intention to file suit for the recovery of the same; and upon receipt of such notice the amount so paid shall be segregated and held by the Collector for a period of thirty (30) days; and if suit be filed within such time for recovery of such amount, such finds so segregated shall be further held, pending the outcome of such suit. If the dealer prevails, the Collector shall refund the amount of the claimant, with interest at the rate of two per cent (2%) per annum covering the period from the date the said funds were received by the Governing Body to the date of refund."