546 So.2d 585 (1989)
MARMAC CORPORATION t/a McDonough Marine Service
v.
Shirley McNAMARA, Secretary, Department of Revenue & Taxation.
No. 88 CA 0874.
Court of Appeal of Louisiana, First Circuit.
June 20, 1989.
H. Alston Johnson, III, Baton Rouge, for plaintiff-appellee Marmac Corp. t/a McDonough Marine Service.
James C. Russell, Jr., Baton Rouge, for defendant-appellant Shirley McNamara, etc.
Before EDWARDS, SHORTESS and SAVOIE, JJ.
*586 SAVOIE, Judge.
The Marmac Corporation, t/a McDonough Marine Service (Marmac) was assessed Louisiana General Sales Tax on December 29, 1986, for the audit period covering January 1, 1983 through December 31, 1985. The assessment concerned alleged unpaid sales taxes, and was in the amount of $97,253.50 in tax and $34,955.60 in interest through February 27, 1987. On April 28, 1986, Marmac paid a portion of the tax included in the assessment in the total amount of $10,719.62. A credit was later given to Marmac leaving the amount in dispute totaling $121,489.48, plus any interest that might be due from February 27, 1987, until paid. Marmac conceded that a very small portion of the amount in dispute was due, and contested the remainder through an appeal to the Board of Tax Appeals.
Before the Board of Tax Appeals, the parties agreed to a joint stipulation of facts which served as the foundation for the appeal. At the hearing held at the Board of Tax Appeals for the State of Louisiana, the assessment of the Louisiana General Sales Tax was partially affirmed, the Board declaring that the sales of certain barges by the taxpayer were taxable, while others were not. Additionally, the Board of Tax Appeals found that certain repairs to these barges generated a taxable event.
Marmac appealed to the Nineteenth Judicial District Court regarding the two issues. A revised joint stipulation of facts, which reflected the remaining issues after the Board's determination, was filed in the district court and formed the basis for a motion for summary judgment filed by Marmac.
The joint stipulation filed in the district court revealed the following facts. Marmac is a Louisiana corporation and has been engaged in the leasing and servicing of a fleet of barges throughout the Gulf Coast and the Mississippi/Ohio River waterways for over 40 years. During the time period of the audit and at the time of trial, Marmac owned a fleet of approximately 750 barges.
Marmac sells old barges for scrap or other use when they become no longer serviceable for Marmac's leasing business. The average age of barges sold by Marmac is approximately 30 years.
During the thirty-six month period of the audit, 54 transactions occurred that involved the total sale of 59 barges. Of the total amount of tax assessed, exclusive of interest, only $953.81 in tax concerned the "repair" issue.
Marmac was previously audited by the Department of Revenue and Taxation for the period of January 1, 1974 through December 31, 1977. The records of that audit are no longer available in the files of the Department of Revenue and Taxation. No sales tax was collected by Marmac during that four year period and no assessment of sales tax for similar sales of barges was made for this prior audit period.
Oral argument on the motion for summary judgment was held on February 26, 1988. In that hearing, the court declared that the barges sold by Marmac were not subject to the assessment of a sales tax under the provisions of the statute and its attendant regulations described in LSR.S. 47:301 and reversed the Board of Tax Appeals on that issue. The court did, however, uphold the assessment made for certain repairs and modifications made to certain barges.
Marmac has, subsequent to the rendition of judgment on the second issue, tendered to the Louisiana Department of Revenue and Taxation sufficient funds to resolve the "repair" issue.
The Department of Revenue and Taxation has appealed and the sole issue on appeal is whether the district court erred in determining that the barges sold by Marmac were not subject to the assessment of a sales tax under the provisions of LSR.S. 47:301 and its attendant regulations.
The case before us involves the interpretation of the basic taxing statute. The tax in question is imposed according to the definitions contained in LSA-R.S. 47:301:
As used in this Chapter the following words, terms, and phrases have the meaning ascribed to each in this Section, *587 unless the context clearly indicates a different meaning:
(1) `Business' includes any activity engaged in by any person or caused to be engaged in by him with the object of gain, benefit, or advantage, either direct or indirect. The term `business' shall not be construed to include the occasional and isolated sales by a person who does not hold himself out as engaged in business.

* * * * * *
(10)(c) The term `sale at retail' does not include sale of materials for further processing into articles of tangible personal property for sale at retail or sales of electricity for chlor-alkali manufacturing processes, nor does it include an isolated or occasional sale of tangible personal property by a person not engaged in such business.
The issue before us is whether the sales of barges by Marmac are "isolated and occasional sales" by a "person" who is not engaged in such business. Otherwise stated, is Marmac in the business of selling barges at retail?
With respect to the definition of "sales at retail", the attendant regulation under LSA-R.S. 47:301(10) in part states:
It is not the intention of this Chapter to impose a tax on an isolated or occasional sale, frequently termed a `casual sale,' except with respect to the sale of motor vehicles, which are specifically covered by R.S. 47:303(4). The primary consideration in determining whether a sale meets exemption requirements is whether the seller is in the business, or holds himself to be in the business, of selling merchandise or tangible personal property of similar nature, and not solely upon the frequency of the transactions.
Similar treatment is found in the regulation under LSA-R.S. 47:301(1), subtitled "Business". However, at the end of the regulation, a contrary position emerges. The regulation states:
The term `business' does not include isolated and occasional sales by persons who do not hold themselves out as engaged in business. This exclusion clearly applies to sales made by the owners of property who had acquired the property for use or consumption, and is not engaged in selling similar property on a repeated or continuing basis.
Whether an activity constitutes the carrying on of a business demands an analysis of the continuing nature of the activity, and may change with respect to any particular person. By way of example, trustees or receivers conducting a continuing retail merchandising activity, even though solely by court order, would be construed to be in the merchandising business, while the sale conducted by the same trustees or receivers in order to liquidate the business pursuant to a later court order would not be construed to be carrying on a business. Further, the occasional sale of used equipment made by a person engaged in the equipment rental business would not be construed to constitute the business of selling equipment, but if the same lessor of equipment frequently, routinely or continuously offered used equipment for sale, then he would be construed to be engaged in that business.
The district court in its oral reasons for judgment stated that: "With regards to the matter, the court, considering the frequency of the sale of Marmac with regard to the number of sales to their overall volume, does not find that the selling of the barges constitutes a business whereby taxes would be owing by Marmac." The district court also stated "[T]hat when you compare the number of barges that are sold with regard to the number of barges that they have maintained, it's my understanding that it would amount to about point twenty-five percent, or one-fourth of one percent."
The district court obviously decided that an entity which sells an average of 1.5 barges a month from a fleet of 750 barges is not in the business of selling barges. Under any standard of measurement, these sales are an incidental aspect of Marmac's business. In any given month, Marmac sold no more than ¼ of 1% of its fleet hardly the amount of sales volume which *588 would be characteristic of a business of selling barges. The sales of barges were merely incidental to the main business of Marmac as a lessor of barges. We can not say that the district court was clearly wrong in its decision and we affirm.
In addition, we find that the regulations attendant to LSA-R.S. 47:301 are ambiguous. Any ambiguity in an original taxing statute must be construed in favor of the taxpayer, and not the Department of Revenue and Taxation. St. Charles Parish School Board v. Louisiana Power & Light Co., 465 So.2d 93 (La.App. 5th Cir.), writ denied, 466 So.2d 1302 (La.1985); United Gas Corporation v. Fontenot, 241 La. 564, 129 So.2d 776 (1961). Since the statute in question on this appeal is the original taxing statute and not an exemption, ambiguities must be resolved in favor of Marmac and against the Department of Revenue and Taxation.
For the foregoing reasons, we affirm. Costs in the amount of $371.28 to be paid by the Department of Revenue and Taxation.
AFFIRMED.
SHORTESS, J., dissents with reasons.
SHORTESS, Judge, dissenting.
An inappropriate procedural vehicle, a motion for summary judgment, was used by the district court to review the decision of the Board of Tax Appeals.
The district court, by statutory mandate, acts as a reviewing court. LSA-R.S. 47:1434 specifically provides that upon ordering review, the district court
shall command the secretary-clerk of the board to send up within twenty days from the date thereof the original transcript of the record, together with all exhibits and evidence thereto attached; which record shall be the basis for any action on review and the decision of the district court shall be rendered upon the said record as made up before the board.
(Emphasis ours.)
Notwithstanding the filing of the joint stipulation of facts, the district court was required to render its judgment on the record. Moreover, the standard of review that must be accorded the Board's findings of facts is:
[W]here there is substantial evidence in the record to support them, [they] should not be set aside unless ... manifestly erroneous in view of the reliable, probative, and substantial evidence on the whole record.
McNamara v. Murphy Oil Corp., 351 So.2d 1234, 1236 (La.App. 4th Cir.1977).
I believe that in using the summary judgment procedure, the district court failed to properly review the findings of the Board. I note, additionally, that the Department objected to the use of the motion for summary judgment on these procedural grounds, citing National Gypsum Co. v. Louisiana Department of Employment Security, 300 So.2d 527 (La.App. 4th Cir. 1974), reversed on other grounds, 313 So.2d 230 (La.1975). I believe that objection was well taken because there was evidence before the Board that was not included in the joint stipulation that, in my opinion, requires affirmance of the Board's decision.
LSA-R.S. 47:301(10)(c) provides, in pertinent part, that the "term `sale at retail' does not include ... an isolated or occasional sale of tangible personal property by a person not engaged in such business."
LSA-R.S. 47:301(1) defines "business" as:
any activity engaged in by any person or caused to be engaged in by him with the object of gain, benefit, or advantage, either direct or indirect. The term "business" shall not be construed to include the occasional and isolated sales by a person who does not hold himself out as engaged in business.
A reading of these two statutes in pari materia reveals a two-tiered analysis by which a determination of "sale at retail" must be made. The first tier is the dual requirement of LSA-R.S. 47:301(10)(c) that the sales must not only be isolated or occasional, but must also be made by a person not engaged in the business. The *589 majority has focused on the former, without regard for the letter.
In order to be a "person not engaged in such business," the sales must be no more than isolated and occasional AND the person must not hold himself out as engaged in the business.
Mark Kury, president and chief executive of Marmac for the last ten years, testified that "[f]or a number of years, we have used [the] phrase in our advertising [:] rentals, sales, services." There was evidence, therefore, before the Board that Marmac held itself out as being engaged in the business of sales as well as leasing. For this reason I believe that the Board's decision is supported by substantial evidence irrespective of whether the numbers of its sales of barges rose above the "isolated or occasional" standard, and is therefore not manifestly erroneous.
I respectfully dissent.