| tBROWN, Judge.
Defendant, the Department of Revenue and Taxation, filed this appeal of the judgment of the Third Judicial District Court upholding the ruling of the Board of Tax Appeals vacating a sales tax assessment against plaintiff, Con-Trux Construction Company, Inc. We affirm;

Facts and Procedural Background

The Secretary of the Department of Revenue and Taxation conducted an audit of Con-Trux Construction Company, Inc. for the tax period of January 1,1991, through November 30, 1993, inclusive. Con-Trux is a road construction company located in Farmerville, Louisiana, which is owned by Vernon and Theresa Sharp. Mrs. Sharp also owns a business called DumpCo Inc.; however, Con-Trux and DumpCo were viewed by the Sharps as the same business and not treated as separate companies. DumpCo was originally incorporated with the idea that Mrs. Sharp, as the incorporator, might be able to qualify the business as a minority (woman-owned) enterprise and take advantage of set-asides that might be available in the marketplace. Unfortunately, this did not come to pass.
DumpCo has several dump trucks, all of which are used only by Con-Trux. DumpCo and Con-Trux never entered into any written leases in regard to the use of the dump trucks. All of DumpCo’s manual and clerical personnel were employees of Con-Trux and its only customer was Con-Trux.
Con-Trux also owns a machine that crushes concrete. Essentially, it recycles concrete. For the 35 months covered in the *326 sales tax audit, there were apparently only six occasions during September, October and November of 1992, when Con-Trux allowed its concrete crushing machine to be used by other businesses, specifically, D & J Construction Company, Inc., and T.L. James Construction Company, Inc., both of whom paid for the service.
|2The concrete which was recycled belonged to D & J and T.L. James respectively, and was returned to them once processed. The machine was run by employees of Con-Trux and no new product was created or fabricated by Con-Trux. Con-Trux did not charge or pay sales tax on these transactions. Con-Trux did not consider them as services subject to a sales tax.
In its audit, the Department assessed sales tax, interest and penalties against Con-Trux in the amount of $29,125.64 for the truck rentals from DumpCo and the use of its concrete crushing machine by D & J and T.L. James. Con-Trux agreed to, and paid, only $4,684.79 of the assessment and appealed the remainder to the Board of Tax Appeals. The Board vacated the assessment and the Department appealed that ruling to the Third Judicial District Court, which affirmed. It is from this ruling that the Department appeals.

Discussion

Sales and use tax are imposed on various transactions as specified under La. R.S. 47:802. In the instant case we are concerned with the sales tax applicable to rental and lease, and the sale of a service.[1]

Leases and Rentals

Leases and rentals are defined under 47:301(7)(a) as: However, where such a transaction occurs between companies which are so integrally related as to be considered one company and not separate and distinct legal entities, no such taxes are applicable. United Companies Printing Co. v. City of Baton Rouge, 569 So.2d 186 (La.App. 1st Cir.1990); Cajun Contractors, Inc. v. State, Dept. of Revenue and Taxation, 515 So.2d 625 (La.App. 1st Cir.1987).
“... the leasing or renting of tangible personal property and the possession or use thereof by the lessee or renter, for a consideration, without transfer of the title of such property.”
There are several factors which are considered in determining the relationship of companies for the purpose of sales and use tax exemption, no one factor being more determinative than another.[2] In Cajun Contractors, supra, the subsidiary and the parent were treated as one company for the purposes of insurance, bonding and federal taxation purposes; all clerical work of the subsidiary was performed by employees of the parent company; and no formal written agreements were ever entered into between the two companies in their various transactions. In United Companies Printing Co., supra, the subsidiary was supplied with employees, its accounting records were kept and purchases were all made by the parent company; the subsidiary was also allowed to occupy office space in the parent company’s building rent-free.
To the contrary, in Associated Hospital Services, supra, Associated had adhered to all formalities in its corporate formation; formal sales contracts were drafted and executed to represent each transaction with its “members”; Associated owned its own land and plant facilities; hired and paid its own employees; made purchases, borrowed money and paid bills all in its own capacity. The supreme court found that Associated was in fact a separate company and would be assessed for the collection of sales tax as such.
In the instant case, although DumpCo was properly formed as a corporation, plaintiffs testified this was done to create a minority-owned business 14in the hopes of receiving *327 certain advantages. Plaintiffs also testified that all employees of DumpCo were actually Con-Trux employees; there were no written lease contracts between the two companies; Con-Trux was DumpCo’s only, customer; DumpCo did not hold itself out for business to other companies; all of DumpCo’s accounting and bookkeeping was done by Con-Trux; Con-Trux often paid for expenses and repairs to DumpCo’s trucks; and any profits from DumpCo were either used by Con-Trux or other companies owned and operated by the Sharps.
The Board of Tax Appeals found these factors sufficient to determine that Con-Trux and DumpCo were so integrally related as to be exempt from taxation for transactions between themselves.
The Board’s findings of fact should not be set aside unless a review of the entire record demonstrates that they are manifestly erroneous or clearly wrong. Marmac Corporation v. McNamara, 546 So.2d 585 (La.App. 1st Cir.1989); McNamara v. Mwrphy Oil Corporation, 351 So.2d 1284 (La.App. 4th Cir.1977). We find the Board committed no such error and that the trial court correctly affirmed its decision.

Sale of Service

In order for an entity to be taxed for the sale of a service, that entity must be in the business of selling services at retail as defined by La. R.S. 47:301:
(1) “Business” includes any activity engaged in by any person or caused to be engaged in by him with the object of gain, benefit, or advantage, either direct or indirect. The term ‘business’ shall not be construed to include the occasional and isolated sales by a person who does not hold himself out as engaged in business. (Emphasis added).
(10)(c) The term “sale at retail” [does not include] an isolated or occasional sale of tangible personal property by a person not engaged in such business.
|sThe issue before this court is whether the sales of service which Con-Trux provided to D & J Construction Company, Inc. and T.L. James Construction Company, Inc., - in the form of crushing concrete, were occasional and isolated sales so as to be exempt from the imposition of sales tax.
The testimony and evidence at trial indicated that Mr. Sharp purchased the concrete crushing machine for his own use to recycle the concrete from his various job sites. During the 35 month audit between 1991 and 1993, the machine was used on only six occasions between September and November of 1992 for the crushing of concrete not owned by Con-Trux. The revenue which Con-Trux accumulated from that service amounted to approximately 4% of Con-Trux’s revenue for 1992.
In Marmac, supra, the Department attempted to assess Marmac with sales tax for the isolated sales of its older barges (which averaged 1.5 per month out of a fleet of 750). These sales were found to constitute one quarter of one percent (.25%) of Marmac’s annual revenue for the period of the audit. The trial court found that to be such an insignificant amount that it could not justly say Marmac was in the “business” of selling barges. Likewise, in the instant case, the Board found that four percent 4% of annual revenue, for only one of three years during an audit period, to be too insignificant for Con-Trux to be in the business of crushing concrete.
Finally, any ambiguity in a taxing statute must be construed in favor of the taxpayer. United Gas Corporation v. Fontenot, 241 La. 564, 129 So.2d 776 (1961); McNamara v. U.O.P., Inc., 389 So.2d 741 (La.App. 2d Cir.1980); Marmac, supra.
|6We find no error in the Board’s conclusion, and therefore the trial court’s affirmation, that Con-Trux was not in the business of selling its concrete crushing service at retail and was therefore not subject to a sales tax for the isolated incidents occurring in 1992.

Conclusion

For the foregoing reasons, we AFFIRM. Insofar as allowed, all costs are to be paid by the Department of Revenue and Taxation.

. La. R.S. 47:302(B) and (C).

. The supreme court has rejected the idea that whether or not a company makes a profit on the transaction is dispositive of exempt status. The supreme court stated in Associated Hospital Services, Inc. v. State, Dept. of Revenue and Taxation, 588 So.2d 356 (La.1991), .. the sales tax statute is not drawn to tax profitable sales, [so] the fact that no profit was made cannot be determinative of whether a sales tax is due.”