FOIL, Judge.
In this appeal, we are asked to determine the validity of a use tax levied against appellant, Regional Mechanical Contractors, Inc., (Regional) on materials it purchased in accordance with its construction contract. The issue presented is whether Regional sold, for tax purposes, the items subject to this dispute. In actions below, the Board of Tax Appeals sustained the assessment and the trial court affirmed. Because we conclude the materials were sold by Regional prior to their use in the construction project, we hold the use tax assessment was improper and reverse.
FACTS
Regional, an Arkansas corporation, entered into a contract with Glenwood Regional Medical Center, Inc., (Glenwood) in December, 1982, to provide plumbing, heating, ventilating and air conditioning on Glenwood’s project to renovate and add to its facility. Glenwood, located in Ouachita Parish, Louisiana, is a parish hospital service district, and is exempt from state taxes pursuant to La.R.S. 47:305.29. During the negotiation process, Glenwood delivered its tax exempt certification, issued by the Department of Revenue and Taxation (Department) to Regional, and instructed Regional not to include sales or use taxes in its bid. In compliance, Regional’s bid did not include either tax. The contract executed between Regional and Glenwood states, “The Contractor shall not pay state sales or state use taxes on materials and equipment which are affixed and made part of the real estate of the Project since the Owner is a hospital which is exempt from the payment of such taxes.”
Regional and Glenwood agreed on a lump sum price which included labor and materials necessary to complete the construction. Under the terms of the contract, Regional was to initially purchase the plumbing, heating, ventilating and air conditioning materials (herein referred to as the “building materials”). With respect to payment for these materials, the contract further provided:
Payments will be made on account of materials (fabricated) or equipment not installed but delivered and suitably stored at the site or off-site in a bonded warehouse. Payments for materials or equipment stored on or off the site shall be conditioned upon submission by the Contractor of bills of sale or such other procedures satisfactory to the Owner to establish the Owner’s title'to such materials or equipment or otherwise protect the Owner’s interest, including applicable insurance and transportation for those materials and equipment stored off the site.
The evidence showed Regional in fact purchased the building materials and had them delivered to the construction site. Upon delivery, Regional billed Glenwood for the cost of the items. The materials were then stored on the job site until installation by Regional. At all times, Glenwood paid Regional for the materials prior to their incorporation into the construction project.
The present dispute arises from an audit conducted by the Department. The Department assessed use taxes on the building materials purchased by Regional as well as other items, and taxed Regional with interest and delinquency penalties. Conceding it owed use taxes on some of the items in the assessment, including a backhoe brought from Arkansas to the job site, clean up costs and start up costs, Regional challenged the assessment as it pertained to the building materials before the Board of Tax Appeals. The Board affirmed the *820 assessment but disallowed the penalty. Regional sought review in the trial court, which sustained the assessment. The trial court concluded the assessment was proper because Regional purchased the building materials for use in the construction project. We are asked to determine the validity of the use tax.
DISCUSSION
Under La.R.S. 47:302, taxes are levied on the use and the storage for use of tangible personal property in the state of Louisiana. The term “use” is defined in the statute as “the exercise of any right or power over tangible personal property incident to the ownership thereof,” but the provision specifically excludes from the “use” category “the sale at retail of that property in the regular course of business_” La.R.S. 47:301(18). The term “sale” is defined, for tax purposes, as “any transfer of title or possession, or both, ... conditional or otherwise, in any manner or by any means whatsoever, of tangible personal property, for a consideration_” La.R.S. 47:301(12).
The Department cites the purchasing of the materials by Regional and the storage of the materials at the job site as the events subjecting Regional to a use tax on those items. Specifically, the Department claims once Regional purchased the items, thereby making them part of its inventory, Regional became subject to a use tax on those materials. The Department relies on the jurisprudential rule that contractors usually are considered the purchasers and ultimate consumers of materials used in performing their contracts. See State v. J. Watts Kearny & Sons, 181 La. 554, 160 So. 77 (1934); American Sign and Indicator Cory. v. City of Lake Charles, 320 So.2d 234 (La.App. 3d Cir.1975). The Department stresses Regional and Glenwood entered into a lump sum contract and contends Regional purchased the materials for use in the performance of the contract, thereby making Regional the ultimate purchaser and consumer of the materials which were stored for use in performing its contractual obligations.
Regional, on the other hand, contends it sold the building materials to Glenwood prior to installation of the materials, thereby making Glenwood the owner of the materials used in the construction project. It claims title to and possession of the materials were transferred to Glenwood by the terms of the contract and, in fact, prior to incorporation into the construction project and, therefore, there was no use or consumption of building materials owned by Regional in the construction project. In support of its claim no use tax is owed on the building materials, Regional relies on Cajun Contractors, Inc. v. Department of Revenue and Taxation, 515 So.2d 625 (La.App. 1st. Cir.1987).
In Cajun Contractors, the validity of a sales/use tax assessment by the Department of Revenue and Taxation on certain pieces of movable equipment was at issue. Cajun and the State of Louisiana entered into a construction contract which stipulated Cajun would provide the labor, materials and equipment necessary to fulfill the contract. Pursuant to the contract, the parties agreed that, after specified pieces of property were delivered to the job site, the state would be billed for the items and would pay the costs as partial performance in the building contract. This court held the agreement, although couched within a contract to build, constituted a sale of equipment to the state, as the parties intended to have Cajun supply movable property to operate the facility and for title and ownership of the equipment to pass to the state. Because the items were “sold” to a tax exempt body, this court held the equipment was improperly subjected to sales taxes.
As in Cajun Contractors, the parties here intended to and did, in fact, transfer title and ownership of the building materials from the contractor to the project owner. The evidence shows the building materials were sold to Glenwood prior to their installation into the construction project. We reject the Department’s assertion that the mere taking of the materials into Regional’s inventory is a sufficient circumstance upon which to base the assessment of a use tax under the facts of this case. *821 Because Regional sold the building materials to Glenwood prior to the use of the building materials in the construction contract, no use tax is owed on those items by Regional.
CONCLUSION
We hold the Department improperly assessed a use tax against Regional with respect to the building materials. Accordingly, we reverse the decision of the trial court. Costs of this appeal, $319.41, are to be borne by the Department of Revenue and Taxation.
REVERSED.
COVINGTON, C.J., concurs in the result.