Dear Mr. Daigle:
This office is in receipt of your request for an opinion of the Attorney General as attorney for the Greater New Orleans Expressway Commission in regard to the exemption of sales and use tax on public works projects. You note that the Greater New Orleans Expressway Commission (GNOEC) is a joint commission of the Parishes of St. Tammany and Jefferson and is exempt from the payment of Louisiana state and local sales and use taxes. The Commission desires to bid public work projects on the basis that the sales and use tax exemption afforded it would apply to certain equipment and materials sold or leased for use in the Project. This would be restricted to purchases of all movable materials and equipment purchased or leased which would be incorporated into the Project, and all materials and equipment which are purchased or leased solely for use in the fulfillment of the work under the project but not actually incorporated into the Project. The Commission has proposed a procedure to be followed in connection with the purchases and will have the title to the material and equipment transferred to the Commission. Pursuant to this plan you ask the following question:
 Are the purchases and/or leases of materials and/or equipment by GNOEC'S Contractors made under the foregoing terms exempted from the payment of either state or local sales or use tax as purchases by a tax exempt public entity, i.e., the GNOEC.
This office was presented with a similar question in Atty. Gen. Op. No. 96-309 concerning the Opelousas General Hospital's exemption from parish sales and use tax for the purchase of materials and equipment in connection with the Hospital's construction project. Therein it was observed that in order to insure tax exemption treatment for the purchases of materials and equipment for the Project, the Hospital's contractor was designated as its purchasing agent for those materials and equipment to be incorporated into the Project. The contractor was to make purchases for the Project in the name of the Hospital and payment was to be made by the contractor as contractor-agent using funds accounted to the Hospital. All material and equipment to be incorporated into the Project was to be titled over to the Hospital upon delivery to the construction site and prior to incorporation into the Project. It was noted that the Hospital was a political subdivision of the State.
We find the conclusion therein applicable to the present question wherein it was stated as follows:
 It is the opinion of this office that the HOSPITAL, as an instrumentality of a political subdivision of the state, is clearly excluded from the definition of a "person" who would be liable for the payment of both state sales and use tax and the sales and use tax levied by any political subdivision. La. R.S. 47:301 (8)(c).
 It is also the opinion of this office that the agency designation and purchasing procedures followed by the HOSPITAL and its contractor-agent does not subject the contractor-agent to any use tax liability because title and possession of the materials and equipment passes directly from a vendor to the HOSPITAL. See Regional Mechanical Contractors Inc. vs. McNamara, 536 So.2d 818
(La.App. 1st Cir. 1988).
Insofar as your contractor-agent arrangement also places title of the material and equipment purchased for the Project in GNOEC, we would conclude the purchasing procedure exempts the contractor-agent from any sale and use tax liability as purchasers for a tax exempt public entity.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 BY: ___________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR