Dear Sen. Ellington:
On behalf of the LaSalle General Hospital you have requested the opinion of this office on the following issue:
 Can the Louisiana Department of Revenue require the contractor-agent to comply with the Louisiana Procurement Code (R.S. 39:1551 et seq) in the purchase of materials and supplies after the political subdivision has complied with the Public Bid Law in letting out the contract for the public work before the political subdivision can enjoy its sales tax exclusion? The question is limited to exclusions based on R.S. 47:301(8)(c) to state sales taxes only and extends only to political subdivisions of the State of Louisiana.
As pointed out in your request, the issue of whether the purchase of materials which are to be incorporated into a public work under construction for a political subdivision such as the LaSalle General Hospital (Hospital) by a contractor acting as the agent of the political subdivision qualifies for the exemption from sales and use taxes provided by R.S. 47:301(8)(c) has been considered in prior jurisprudence and in previous opinions of this office. In both cases (Regional Mechanical Contractors,Inc. v. McNamara, 536 So.2d 818 (La.App. 1st Cir 1988) andCajun Contractors, Inc. v. Department of Revenue and Taxation,515 So.2d 625 (La.App. 1st Cir. 1987) the court found that the purchases of such materials by the contractor-agent were not subject to the sales or use tax. Attorney General Opinions No. 96-309 and 97-182 have reviewed similar factual situations and found that sales and use taxes were not applicable.
The Department of Revenue has apparently now raised the issue of whether a contractor purchasing materials for incorporation into a public work and acting as the agent of the political subdivision in making such purchases of materials must comply with the Louisiana Procurement Code in making such purchases. The Louisiana Procurement Code is applicable to state entities only, and not to political subdivisions of the state such as the Hospital. R.S. 39:1554B and E. Instead, the Hospital is subject to the Public Bid Law, R.S. 38:2211, and following, in the procurement of materials and supplies and in contracting for public works. R.S. 38:2212A(1)(a) and 38:2211(10). Based on this conclusion we will proceed to address whether the contractor/agent must comply with the Public Bid Law in making purchases of material and supplies to be incorporated into a public work owned by the Hospital.
It is the opinion of this office that the purchase of such materials and supplies have already been publicly bid in globo
as part of the bid submitted by the successful bidder/contractor to the public entity for construction of the public work. Therefore, it would not be necessary or appropriate for the contractor/agent to take public bids as individual purchases of materials are made for use in the project. The primary purpose of the Public Bid Law is to secure competitive pricing when public funds are expended. This goal is met by the competitive bid process participated in by bidders as they compete for award of the public works contract. To require that the materials be bid again would be redundant and would create impossible obstacles to the timely and efficient completion of public works. By analogy, would contractors also be required to seek bids on equipment to be used on the job, or on construction supervision? The answer is certainly no, for these are components of the bid which has been submitted for the overall construction project which has been competitively bid.
Ideally, the anticipated contractor/agent relationship would be set forth in the terms and conditions of the solicitation for bids, informing all bidders in advance of the arrangement to be used in the purchase of materials for the project. That did not happen in this case, but the Hospital acted responsibly and fairly subsequent to entering its contract by formalizing the contractor/agent arrangement through change orders. These change orders formally granted authority to the contractor to act as agent of the Hospital for all purchases of materials destined for inclusion in the construction and then documented the materials purchased, the sales tax saved, a deducted those savings from the contract price, confirming that the savings accrued to the Hospital and not to the Contractor.
Therefore, we affirm the conclusions of Opinions Number 96-309 and 97-182 and also conclude that a contractor/agent, duly authorized by the public entity and purchasing pursuant to the terms set forth in Opinion Number 96-309, need not seek public bids on the purchase of materials and supplies to be incorporated into the public work.
I trust that this answers your inquiry. Please advise if we may be of any further assistance to you in this matter.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _______________________________________________ GLENN R. DUCOTE Assistant Attorney General
RPI:GRD:jv